[Civ. No. 68599. Second Dist., Div. Four. Feb. 17, 1984.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
SURETY INSURANCE COMPANY OF CALIFORNIA,
Defendant and Appellant.

**18**

---

## COUNSEL

Jesse J. Avila and Alan Nunez for Defendant and Appellant.

De Witt W. Clinton, County Counsel, and Dennis M. Gonzales, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**KINGSLEY, J.**—This is a surety's appeal from an order of the superior court denying its motion to vacate entry of summary judgment after forfeiture of bail. We find that the court complied with the requirements of Penal Code sections 1305 and 1306, and therefore affirm.

A defendant in a criminal action failed to appear for trial in the Superior Court of Los Angeles County on July 2, 1981. The bail that had been furnished him by appellant was ordered forfeited. Notice of the forfeiture was mailed to appellant on July 9. One hundred eighty days thereafter, on January 5, 1982, appellant filed a motion to vacate the forfeiture on the grounds that the defendant was then in custody in another jurisdiction. The motion papers set a hearing date of January 27, 1982, and declared that the defendant would be produced at the hearing. Following the January 27th hearing, the court entered a minute order stating "statute [Penal Code Section 1305] tolled to April 27, 1982—9 AM."

On April 27, appellant having failed to produce the defendant, the motion to vacate forfeiture was denied. Seventy-one days thereafter, on July 7, 1982, the court entered summary judgment against appellant for the amount of the bond. Appellant's subsequent motion to vacate entry of summary judgment was denied on September 17, 1982. It appeals from the ruling of September 17.

Appellant's contention is that the summary judgment is void because it was entered after expiration of the time-period specified in section 1306 for entry of summary judgments on bail forfeitures. There are three components to this argument: (1) the tolling order of January 17 was untimely under section 1305; (2) even if timely, the tolling order was defective because no substantial evidence supported it; (3) if the tolling order was improper for either of the above reasons, it follows that the entry of summary judgment was untimely under section 1306. We disagree with the first two contentions, hence the third is unavailing.

I

## The Tolling Order of January 27th Was Timely Under Section 1305

Section 1305 sets forth the procedures for forfeiture of bail upon a defendant's failure to appear, and for relief from such forfeiture thereafter.[1] The statute provides for two kinds of relief: full relief in the form of actual discharge of the forfeiture, and partial relief·in the form of tolling the period of time in which the surety remains eligible to obtain an actual discharge.

---

[1]The statute provides in pertinent part: "(a) If, without sufficient excuse, the defendant neglects to appear for arraignmeñt or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited, and, if the amount of the forfeiture exceeds one hundred dollars ($100), the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond. . . . [¶] But, if at any time within 180 days after such entry in the minutes or, if mailing of notice of forfeiture is required, within 180 days after mailing such notice of forfeiture, the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just, any [*sic*] may order the bail reinstated and the defendant released again on the same bond. If at any time within 180 days after such entry in the minutes or mailing as the case may be, the bail should surrender the defendant to the court or to custody, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just. [¶] If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is dead or is otherwise permanently unable to appear in court due to illness, insanity, or detention by civil or military authorities, and that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just. If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is temporarily disabled by reason of illness, insanity, or detention by civil or military authorities and is therefore unable to appear in court at any time during the remainder of such 180 days, and that the absence of the defendant has not been with the connivance of the bail, then the period of time during which the disability continues shall not be deemed part of such 180 days. Upon a finding by the court that a reasonable period of time is necessary in order to return the defendant to court upon the termination of the disability, then such period of time, as fixed by the court, shall not be deemed part of such 180 days. [¶] Unless waived by the district attorney or other prosecuting attorney, no order discharging the forfeiture of the undertaking or deposit shall be made without opportunity for hearing and the filing of a notice of motion for such order setting forth the basis for relief, with proof of service upon the district attorney or other prosecuting attorney at least 10 days prior to the time set for hearing of the motion and otherwise in compliance with the provisions of Section 1010 of the Code of Civil Procedure. Such notice may be given by the surety insurer, its bail agent, the surety, or depositor of money, any of whom may give such notice and appear either in person or by attorney. Such notice of motion must be filed within 180 days after such entry in the minutes or mailing as the case may be, and must be heard and determined within 30 days after the expiration of such 180 days, unless the court for good cause shown, shall extend the time for hearing and determination."

■ To qualify for actual discharge of a forfeiture, the surety must either appear in court with the defendant within 180 days of the date the forfeiture notice was mailed, or show that the defendant is permanently disabled from returning to court.

■ To qualify for partial relief, the surety need not produce the defendant in court within the 180-day period nor show any permanent disability; rather, the surety need only show that the defendant, because of a temporary disability, cannot be returned to court before the expiration of the 180 days. When such a showing is made, section 1305 allows the court to grant partial relief by tolling the 180-day period in which an actual discharge may be obtained. The tolling may be for as long a period as is reasonably necessary to bring the defendant into court after termination of his temporary disability. (*People* v. *Resolute Ins. Co.* (1975) 46 Cal.App.3d 249 [120 Cal.Rptr. 17].) In *Resolute,* the section 1305 tolling provision was explained as follows:

"The statute . . . provides for the situation in which the defendant does not appear within 180 days, through no fault of the surety. If the surety makes a motion within the 180-day period, which motion can be heard up to 30 days later, and 'it is made to appear to the satisfaction of the court that the defendant is temporarily disabled' from appearing, the period of disability is deducted from the 180 days. Also, the court can set a reasonable time within which to produce the defendant and that time too is not deemed part of the 180 days." (*Id.,* at pp. 253-254.)

Here, although appellant's January 5th motion for relief from forfeiture prayed for in full relief in the form of vacation of the forfeiture and exoneration of the bail, the contents of the motion papers showed that his claim was actually for partial relief in the form of tolling. In a declaration attached to the motion dated December 30, 1981, appellant's bail agent indicated that the defendant was "being held in the custody of authorities in another jurisdiction," that declarant needed more time to locate the place where defendant was being held, and that defendant would be produced in court on January 27, 1982. By filing these declarations, appellant in effect made a claim for tolling of the statute by reason of the defendant's temporary disability.

Both parties on appeal agree that the superior court had jurisdiction to hear appellant's motion on January 27 inasmuch as the hearing was noticed within 180 days of mailing of the forfeiture notice and was set for a date within 30 days after the 180 days. (*People* v. *Resolute, supra,* is in accord.)

Appellant argues, however, that although the court had jurisdiction to *hear* his motion on January 27, it had no jurisdiction to toll the running of

the statute on January 27. According to appellant, the court's power to toll the period of eligibility for discharge from forfeiture expired 180 days after the notice of forfeiture was mailed, regardless of the fact that the motion for relief was properly heard after the 180 days had passed. We think this argument defies both law and logic.

■ Per *Resolute, supra,* a motion to toll the running of the statute can be heard after the 180-day period following mailing of the notice of forfeiture; at such a hearing, the statute can be tolled for the length of time in which the defendant will remain in custody in another jurisdiction and for whatever additional time is reasonably necessary to return him to court after his custody ends. (*People* v. *Resolute, supra,* 46 Cal.App.3d at pp. 253-254.) In fact, such tolling is the *only* form of relief provided by section 1305 in situations where, as here and in *Resolute,* the motion is made on grounds of temporary custody. It would make no sense to allow the hearing on such a motion to be held at a time when the court's jurisdiction to grant relief has expired; the hearing would be futile, as the only form of relief that the statute allows would be unavailable.

Here, we cannot tell on what basis the court tolled the running of the statute to April 27 at the January 27 hearing, because appellant has not provided us with a reporter's transcript or settled statement. The minute order of January 27, which is the only record of the hearing that we have before us, does not even disclose whether the defendant was present. If he was absent due to continuation of his temporary disability, the court had cause, as well as jurisdiction, to toll the statute for a period reasonably necessary to bring him back to court after termination of the disability. The court also had jurisdiction to simply continue the hearing to April 27 for good cause shown (see § 1305 at fn. 1, *ante*), which in effect would also constitute a tolling of the statute, if tolling is equivalent, as we think it is, to extending the period of time in which discharge from forfeiture may be sought and obtained. We conclude that the January 27 tolling order was timely.

The three cases which appellant relies upon are either invalid authority or inapposite. *People* v. *Bea Hernandez Bail Bonds* (Cal.App.) (2 Civ. 58522) was deleted from the Official Reports per order of the Supreme Court on October 22, 1981; hence we cannot consider it and appellant should not have cited it as authority in his brief. (Cal. Rules of Court, rules 976, 977.) *People* v. *Ramirez* (1976) 64 Cal.App.3d 391 [134 Cal.Rptr. 511] and *People* v. *Resolute Ins. Co.*[2] (1968) 259 Cal.App.2d 633 [66 Cal.Rptr. 421] are inapposite. *Ramirez* held simply that no tolling is per-

---

[2]Not to be confused with the 1975 case of the same name cited elsewhere in this opinion.

mitted on grounds of temporary disability unless the disability is in existence during the 180-day period described in section 1305. In *Ramirez,* the court held that there was no entitlement to tolling because, while the motion to toll the statute was timely filed, there was no claim that the disability was in existence within the 180 days. Here, such a claim was made; appellant's motion papers claimed that the defendant was in custody as of December 30, 1981, i.e., 6 days prior to the 180th day after mailing of the forfeiture notice. *Resolute* dealt only with the validity of a forfeiture order itself; the case says nothing about a court's jurisdiction to toll the running of the statute after a valid forfeiture order is issued.

II

APPELLANT HAS NOT MET ITS BURDEN
OF SHOWING THAT THE TOLLING ORDER
WAS BASED ON INSUFFICIENT EVIDENCE

Appellant argues that even if the court had jurisdiction to toll the statute on January 27, the tolling order was nonetheless improper because there was insufficient evidence that a temporary disability existed. In addressing this point, appellant appears to assume that the only evidence before the court at the January 27 hearing was the written motion with attached declarations that had been filed previously. Appellant's argument fails on two grounds.

First, appellant has not provided us with an adequate record to permit resolution of this issue in its favor. Absent some record of what additional evidence and representations, if any, were forwarded on January 27, we cannot presume that the court was presented with an insufficient showing to support its ruling. ■ When, as here, the record on appeal consists of only a clerk's transcript and exhibits and no error appears on the face of the record, the sufficiency of the evidence to support the trial court's rulings is not open to consideration by a reviewing court; in such a case, "any condition of facts consistent with the validity of the judgment will be presumed to have existed rather than one which would defeat it [citations]." (*Brockway* v. *Heilman* (1967) 250 Cal.App.2d 807, 810 [58 Cal.Rptr. 772]; *Ford* v. *State of California* (1981) 116 Cal.App.3d 507, 513-514 [172 Cal.Rptr. 162].) We must therefore presume that the trial court was provided with a sufficient showing to validate its tolling order.

■ Secondly, even assuming that the only evidence before the court was that contained in appellant's motion papers, that evidence alone was sufficient to permit a tolling order. ■ Under section 1305, the quantum of proof necessary to support a tolling order is less than that necessary to

obtain an actual discharge on the defendant's appearance: "The section provides that to obtain a complete discharge of forfeiture on the defendant's appearance, the surety must *'show'* the necessary facts to the satisfaction of the court; on the other hand, to obtain temporary relief, it is only necessary that *'it is made to appear* to the satisfaction of the court that the defendant is temporarily disabled. . . .' (Italics added.) [¶] We do not believe that the Legislature's use of different words was inadvertent. The word 'show' is synonymous with 'establish' or 'prove.' [Citations.] 'Appear,' on the other hand, has been equated with 'seem' and ' "have the semblance or aspect of being; seem or seem likely; without implying reality or unreality." ' [Citation.]" (*People* v. *Resolute Ins. Co.* (1975) *supra* 46 Cal.App.3d 249, 256-257.)

■ Having this distinction in mind, we think that the declaration attached to appellant's motion papers, stating receipt of information that the defendant was in custody in another jurisdiction, was adequate to permit a tolling order on the basis of temporary disability. Appellant's purported authority to the contrary is, again, inapposite. The cited cases, with the exception of *People* v. *Ramirez, supra,* 64 Cal.App.3d 391, discuss only the quantum of proof necessary to support an actual discharge of forfeiture, not the lesser showing that will support partial relief in the form of tolling. (*People* v. *United Bonding Ins. Co.* (1970) 12 Cal.App.3d 349 [90 Cal.Rptr. 714]; *People* v. *Hadley* (1967) 257 Cal.App.2d Supp. 871 [64 Cal.Rptr. 777].) *Ramirez* discussed the kind of showing necessary for tolling, but addressed only what facts must be shown, not what quality or quantity of evidence is sufficient to establish the requisite facts (see section II, *ante.*)

## III

### The Entry of Summary Judgment on July 7 Was Timely Under Section 1306

Since the running of section 1305 was properly tolled to April 27, the entry of summary judgment on July 7 was timely. ■ Penal Code section 1306 sets a 90-day time limit for the entry of summary judgment on bail forfeitures; if the court does not enter summary judgment within 90 days of its first opportunity to do so, its right to do so expires. The 90-day period commences when "the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside." (Pen. Code, § 1306, subd. (a).) Here, the 90-day period commenced on April 27, the date on which the 180-day period of time specified in section 1305, as tolled, elapsed

without the forfeiture having been set aside. The entry of summary judgment, on the 71st day after April 27, was therefore timely.

## IV

Finally, we note a certain arrogance, if not absurdity, in appellant's posture on appeal. Appellant's contentions are not only grounded upon an attack on a tolling order which benefitted appellant below, but moreover challenge the sufficiency of evidence which appellant presented. We have not considered the application of estoppel principles to this set of facts because of our preference for resolving issues on their merits wherever possible, and because estoppel has not been raised in the briefs.

The judgment is affirmed.

Woods, P. J., and Amerian, J., concurred.