[No. B086420. Second Dist., Div. Three. Apr. 18, 1996.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
AMERICAN BANKERS INSURANCE COMPANY, Defendant;
CELES KING III, Intervener and Appellant.

## COUNSEL

Celes King III, in pro. per., for Intervener and Appellant.

De Witt W. Clinton, County Counsel, S. Robert Ambrose, Assistant County Counsel, Patrick T. Meyers, Principal Deputy County Counsel, and Victor L. Wright, Deputy County Counsel, for Defendant and Respondent.

## OPINION

### ALDRICH, J.—

#### INTRODUCTION

In this case we are called upon to decide if the trial court had jurisdiction to enter summary judgment pursuant to Penal Code sections 1305 and 1306.[1]

Celes King III, doing business as King Bail Bond Agency (hereinafter King), intervener by virtue of his status as bail agent and indemnitor of defendant American Bankers Insurance Company, appeals from the consent summary judgment against American Bankers Insurance Company after its bail bond was declared forfeited. Because the time frame for trial court jurisdiction to enter summary judgment had expired and otherwise the record shows no basis for tolling such time period, the judgment is reversed and remanded with directions.

#### FACTUAL AND PROCEDURAL BACKGROUND

On September 12, 1992, King posted a $100,000 bail bond on behalf of American Bankers to guarantee the appearance of defendant Mark L. Hays in the criminal action entitled People v. Paul Sims and Mark Linnear Hayes. During trial, on August 16, 1993, Hays failed to appear, the bond was ordered forfeited and a bench warrant was issued for Hays's arrest. Notice of such forfeiture was mailed to King on August 23, 1993.[2]

King moved to vacate forfeiture and exonerate the bond on February 24, 1994, three days late.

Hearing on King's motion was set for March 15, 1994, on which date counsel were present but Hays again failed to appear. The court entered an order stating "Period of time to set-aside is further tolled to 4/22/94." On April 22, 1994, King's motion to set aside the forfeiture was denied. As Hays again failed to appear, the court noted bail would remain forfeited. Summary judgment was entered thereon on July 12, 1994. King's timely appeal followed.

#### CONTENTIONS

■ King contends the summary judgment is appealable and the bail is exonerated as a matter of law. We agree with King.

---

[1]Hereinafter, all statutory references shall be to the Penal Code unless otherwise noted.

[2]Such notice alerted King to the fact his contractual obligation to pay the bond would "become absolute on the 181st day following the date of the mailing of notice of the forfeiture unless the Court orders the forfeiture set aside and the bond reinstated or exonerated."

## Discussion

1. *Appealability.*

The bond itself included a clause authorizing the entry of summary judgment which provided: "If the forfeiture of this bond be ordered by the Court, judgment may be summarily made and entered forthwith, against the said, American Bankers Insurance Company, for the amount of its undertaking herein as provided by Sections 1305 and 1306 of the Penal Code."

"Though a summary judgment [such as this] against a surety is a consent judgment which is normally not appealable [citations], it is implicit in the consent phrase above quoted from the bond that the judgment be entered pursuant to the terms of the consent, which by its terms requires compliance with the jurisdictional prescriptions contained in Penal Code sections 1305 and 1306. If the judgment is not entered in compliance with the consent given, the judgment is appealable. [Citations.] Thus, it is essential to first determine the substantive issue of compliance with Penal Code section 1305 in order to resolve the question of the appealability of the consent judgment." (*People* v. *Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 219 [119 Cal.Rptr. 917].)

2. *The bail bond is exonerated as a matter of law.*

It is also well settled sections 1305 and 1306 must be precisely and strictly construed. (*People* v. *Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 300 [38 Cal.Rptr.2d 167].) "This case is controlled by these statutes, the provisions of which 'must be strictly followed or the court acts without or in excess of its jurisdiction. [Citation.] . . . [¶] The course set out in a jurisdictional statute must be precisely followed or the court loses jurisdiction and its actions are void. [Citation.]' [Citations.]" (*Ibid.*)

In 1993, section 1305 was repealed and replaced with a new statute which deals with the nonappearance of defendants, vacating forfeiture and exonerating bail bonds. (Stats. 1993, ch. 524, § 2.) The statute was further amended in 1994. However, substantially only the version in effect in 1994 applies to this case.[3] That version provided in relevant part, if the defendant, without excuse, failed to appear when required, the court was obligated to declare the bail bond forfeited. (§ 1305, subd. (a).) The court clerk had to notify the bail

---

[3]The notice of declaration of forfeiture was mailed, and the 180-day period began in 1993. However, the applicable time periods did not change in the 1994 rewriting of section 1305. (See former § 1305, subd. (a).)

agent whose name appeared on the bond within 30 days of declaration of forfeiture. (§ 1305, subd. (b).) If, however, the defendant appeared in court or was surrendered to custody within 180 days of the mailing of notice of forfeiture, the court was required to vacate the order of forfeiture and exonerate the bond. (§ 1305, subd. (c)(1).) The 180-day period could be tolled in the case of temporary disability, provided certain conditions were met. (§ 1305, subd. (e).)

The surety could obtain relief from forfeiture by surrendering the defendant or making a showing of permanent disability for the failure to do so. (§ 1305, subds. (c) and (e).) The required showing had to be made within 180 days of the date of mailing the notice of forfeiture. (§ 1305, subds. (c) & (e).) A motion to vacate the forfeiture and exonerate the bond, *timely filed* within the above described 180-day period, could be heard within 30 days of the expiration of the 180-day period. The court also had the authority to extend the 30-day period upon a showing of good cause.

Section 1306 was amended in 1991. (Stats. 1991, ch. 613, § 7.) In 1994, when King moved to vacate the forfeiture, that section provided the court had to enter summary judgment against the bondsman when the 180-day period of time under section 1305 had elapsed without the forfeiture having been set aside. (§ 1306, subd. (a).) Most important to this case, the statute further provides, ". . . if because of the court's failure 'to promptly perform the duties enjoined upon it pursuant to this section' it does not enter summary judgment '*within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated.*'" (*People* v. *Topa Ins. Co.*, *supra*, 32 Cal.App.4th at pp. 299-300, italics added, quoting from § 1306, subd. (c).)

Here, indisputably, notice was mailed to King promptly seven days after the forfeiture on August 23, 1993. Hays has never appeared. The 180-day period expired on February 21, 1994. Barring reason to toll that 180-day period, or extend the 90-day period, May 23, 1994, was the 90th day after the 180-day period, the date by which the court had to enter summary judgment or lose its authority to do so. Therefore, the trial court no longer had jurisdiction when it entered summary judgment on July 12, 1994.

Respondent argues, by virtue of King's motion to vacate the forfeiture and exonerate the bond, the hearing on which motion was continued to April 22, 1994, the court's jurisdiction was extended to July 21, 1994, 90 days later, with the result the July 12th entry of summary judgment was timely. The record does not reveal any basis for extending the jurisdictional time period.

King was required to apply for relief *before* the expiration of the 180-day period under section 1305. (§ 1305, subds. (c) & (e).) However, King's motion was filed on February 24, 1994, three days late.[4] Hence, no hearing on such motion should have been held on March 15, 1994, in the first place, and the court lacked jurisdiction to continue the motion to April 22, 1994. (§ 1305, subd. (c).) Also, even were it authorized to hear King's motion, the court failed to give an explanation for continuing the hearing to the April date and there was no showing of good cause such as would justify an extension of the hearing date. (*Ibid.*)[5]

Nor was there any other basis for tolling the time period. The record reveals no showing of temporary disability as would justify tolling the original 180-day period. Under subdivision (e) of section 1305, the 180-day period is tolled if it is made apparent to the satisfaction of the court, (1) the defendant is temporarily disabled by illness, insanity or detention by other authorities; (2) because of the disability the defendant is unable to appear in court for the remainder of the 180-day period, and (3) the defendant's absence is not with the connivance of the bail. Here, no application for tolling was filed, nor does the record contain facts of such conditions, and the trial court made no finding of disability.

At oral argument counsel represented that some courts in this state avoid the possibility of violating the jurisdictional mandate of section 1306, subdivision (c) by automatically calendaring and entering summary judgment immediately upon the expiration of 180 days from the mailing of notice of forfeiture on the bond. Such procedure seems to this court to be a prudent practice and one that would avoid the harsh result we reach in this case.

In sum, the trial court failed to enter summary judgment within the 270 days after notifying the surety and no conceivable combination of tolling, extensions and continuances operated to extend jurisdiction to July 12, 1994. Stated otherwise, on July 12, 1994, when it entered summary judgment, the trial court lacked jurisdiction and the forfeiture was void. Further, because the judgment was not entered in compliance with the consent given, the judgment became appealable and must be reversed. We order that judgment be entered in favor of appellant, and the bail is exonerated.

---

[4]Even were the 181-day provision contained in the bond itself applicable, the court still acted in excess of *its jurisdiction* because the day King filed his motion was 2 days after the 181st day.

[5]Respondent's argument to the contrary, King was not required to object to the continuance. This statute is purely jurisdictional with the result, once the time period ran, the court had no authority to act, regardless of whether King lodged an objection.

## DISPOSITION

The judgment is reversed and remanded to the trial court. On remand the trial court is ordered to enter judgment in favor of appellant King and enter an order exonerating the bail. Costs awarded to appellant.

Klein, P. J., and Croskey, J., concurred.