[No. B107900. Second Dist., Div. One. Oct. 16, 1998.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
NATIONAL AUTOMOBILE & CASUALTY INSURANCE COMPANY,
Defendant and Appellant.

## COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

De Witt W. Clinton and Lloyd W. Pellman, County Counsel, H. Anthony Nicklin, Principal Deputy County Counsel, Denise Perez Walter and Robert Ragland for Plaintiff and Respondent.

## OPINION

**MASTERSON, J.**—Under Penal Code sections 1305 and 1306, once a criminal defendant's bail has been forfeited and he has remained at large for more than 180 days, summary judgment may be entered against the surety of the bail. In this case, a motion requesting that the 180-day period be tolled was filed before the 180 days had expired, but was granted afterward. Summary judgment was then entered. The trial court denied the surety's subsequent motion to set aside the summary judgment, even though it had been entered during the period contemplated by the tolling order. We do not reach the issue of whether summary judgment may be entered during a tolling period. Rather, we find that the trial court had no jurisdiction to order tolling once the 180-day period had expired. For this reason, we hold that the surety's motion to set aside the summary judgment was properly denied.

### BACKGROUND

On June 17, 1995, the bail agent of appellant National Automobile & Casualty Insurance Company (National) posted a $30,000 bail bond for the release of Humberto Azora Bazur in the matter of People v. Bazur (Super. Ct. L.A. County, 1995, No. KA027813). Bazur failed to appear for arraignment on July 11, 1995, and his bail was ordered forfeited. Notice of the forfeiture was mailed on July 19, 1995. Less than 180 days later, on January 10, 1996, National filed a "motion to toll time for surety agent investigators to apprehend and return defendant to custody of the court where he fled." More than 180 days after the mailing of the notice of forfeiture, on February 8, 1996, the motion was granted, and the 180-day period was ordered tolled until May 8, 1996.

On March 28, 1996, the executive officer/clerk of the superior court filed a request to enter summary judgment on the forfeiture of Bazur's bail, bearing the caption County of Los Angeles v. National (Super. Ct. L.A. County, 1996, No. BS038565). The request was supported by a declaration setting forth the above chronology of events, including the order tolling the 180-day period. On April 1, 1996, the request was granted, and summary judgment on the bail bond forfeiture was entered in favor of the County of Los Angeles (the County). National later moved to set the summary judgment aside, arguing that it had been prematurely entered. On November 27, 1996, National's motion was denied. ▮▮▮ ▬▬ This appeal followed.[1]

---

[1] In posting bail, a surety agrees that judgment may be summarily taken against it following forfeiture in compliance with Penal Code sections 1305 and 1306. Although a consent

## DISCUSSION

### 1. *Statutory Scheme*

The trial court is required to declare a forfeiture of bail when the defendant fails to appear in court without a sufficient excuse. (Pen. Code, § 1305, subd. (a) (all further section references are to the Penal Code).) The court is also required to cause notice of the forfeiture to be mailed to the bail agent within 30 days thereafter. (§ 1305, subd. (b).[2]) If, inter alia, the defendant appears, is surrendered to custody, or is arrested in the underlying case within 180 days of the date of mailing the notice, the court must vacate the order of forfeiture and exonerate the bond on its own motion. (§ 1305, subd. (c)(1)-(3).) An order of forfeiture may also be vacated on motion. (§ 1305, subd. (c)(4).) "A motion [to vacate forfeiture] filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period." (*Ibid.*) Also, the 180-day period may be tolled if the defendant is unable to appear during that time because of "temporary disability" by reason of illness, insanity or detention by military or civilian authorities. (§ 1305, subd. (e).)

"When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture being set aside, the court . . . shall enter a summary judgment against [the] bondsman. . . ." (§ 1306, subd. (a).) "If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated." (§ 1306, subd. (c).) Once summary judgment has been entered, the district attorney or county counsel is required to demand payment within 30 days after finality of the judgment and enforce the judgment if payment is not made within 20 days after the demand. (§ 1306, subd. (e).)

As in *People* v. *Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 300 [38 Cal.Rptr.2d 167], "This case is controlled by [sections 1305 and 1306], the provisions of which 'must be strictly followed or the court acts without or in

---

judgment is normally not appealable, the question of whether the judgment was entered within the terms of the consent given is a proper subject of appeal. (*County of Los Angeles* v. *American Bankers Ins. Co.* (1996) 44 Cal.App.4th 792, 795 [52 Cal.Rptr.2d 75]; *People* v. *Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 219 [119 Cal.Rptr. 917].)

[2]By virtue of a five-day extension for mailing, the actual period is 185 days. (§ 1305, subd. (b).) Inasmuch as the difference between 180 and 185 days is of no consequence to the resolution of this case, for the sake of consistency we shall refer to the relevant time span as the 180-day period.

excess of its jurisdiction. [Citation.] . . . [¶] The course set out in a jurisdictional statute must be precisely followed or the court loses jurisdiction and its actions are void. [Citation.]' [Citations.] 'It is well established in the case law that Penal Code sections 1305 and 1306 are subject to precise and strict construction. . . . " '[W]here a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limitations is in excess of its jurisdiction.' [Citations.]" ' [Citation.]"

2.  *Analysis*

■■■  In proceedings before the trial court, the court and counsel assumed that the 180-day period had been tolled by virtue of the order of February 8, 1996. Nonetheless, summary judgment was entered in favor of the County during the tolling period. The most likely reason for this seeming incongruity stems from an observation made in *County of Los Angeles* v. *American Bankers Ins. Co., supra,* 44 Cal.App.4th 792.

In *County of Los Angeles* v. *American Bankers Ins. Co., supra,* 44 Cal.App.4th 792, the 180-day period expired on February 21, 1994. The bail agent filed a motion to vacate the forfeiture three days late, on February 24, with hearing set for March 15, 1994. The trial court was prepared to entertain the motion on March 15. However, the defendant failed to appear and the trial court " 'further tolled' " the 180-day period to April 22, 1994. When the defendant failed to appear at the April 22 hearing, the court ordered bail to remain forfeited. (*Id.* at p. 794.) Summary judgment on the forfeiture was entered on July 12, 1994, i.e., within 90 days of the April 22 order denying the motion to vacate forfeiture, but more than 90 days after the February 21 expiration of the 180-day period in which to vacate forfeiture.

The *County of Los Angeles* v. *American Bankers Ins. Co., supra,* 44 Cal.App.4th 792, court concluded that, because the bail agent's motion was filed three days after the 180-day period had expired, "no hearing on such motion should have been held on March 15, 1994, in the first place, and the court lacked jurisdiction to continue the motion to April 22, 1994. [Citation]." (44 Cal.App.4th at p. 797.) Accordingly, when summary judgment on the forfeiture was entered on July 12, 1994, "the trial court lacked jurisdiction and the forfeiture was void." (*Ibid.*)

The *County of Los Angeles* v. *American Bankers Ins. Co., supra,* 44 Cal.App.4th 792, court further observed: "At oral argument counsel represented that some courts in this state avoid the possibility of violating the

jurisdictional mandate of section 1306, subdivision (c) by automatically calendaring and entering summary judgment immediately upon the expiration of the 180 days from the mailing of notice of forfeiture of the bond. Such procedure seems to this court to be a prudent practice and one that would avoid the harsh result we reach in this case." (*Id.* at p. 797.)

The "automatic calendaring" approach appears to have been utilized below. But what the *American Bankers* court hoped would avoid the potential for harsh results paved the way for a seemingly illogical outcome in this case. Based on their assumptions that the tolling order was valid, the parties argued in the trial court and briefed to this court the issue of whether summary judgment may be entered during a tolling period. While this question may be of great interest to courts using the automatic calendaring approach, we do not reach it here. This is because, as a result of our review of the record and further briefing filed by the parties at our request, we have concluded that entry of the tolling order was beyond the trial court's jurisdiction. As such, no impediment existed to entering summary judgment against National following expiration of the 180-day period.

Our conclusion emanates from the plain language of subdivisions (c)(4) and (e) of section 1305.[3] The subject of subdivision (c)(4) is motions to vacate forfeiture. In the context of setting forth that subject matter, the statute provides that a motion to vacate forfeiture which is filed within the 180-day period may be heard within 30 days after the period expires. The subject of subdivision (e) is the tolling of the 180-day period in a case of temporary disability. The statute provides, inter alia, that tolling may occur

---

[3]Section 1305 provides, in pertinent part: "(c)(4) Except as provided in paragraphs (1) and (2), the court, in its discretion, may require that the bail provide 10 days' prior notice to the applicable prosecuting agency, as a condition precedent to vacating the forfeiture. The notice may be given by the surety insurer, the bail agent, the surety, or the depositor of money or property, any of whom may appear in person or through an attorney. A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period. The court may extend the 30-day period upon a showing of good cause.

"  . . . . . . . . . . . . . . . . . . . . .

"(e) In the case of a temporary disability, the court shall order the tolling of the 180-day period provided in this section during the period of temporary disability, provided that it appears to the satisfaction of the court that the following conditions are met: [¶] (1) The defendant is temporarily disabled by reason of illness, insanity, or detention by military or civil authorities. [¶] (2) Based upon the temporary disability, the defendant is unable to appear in court during the remainder of the 180-day period. [¶] (3) The absence of the defendant is without the connivance of the bail. [¶] The period of the tolling shall be extended for a reasonable period of time, at the discretion of the court, after the cessation of the disability to allow for the return of the defendant to the jurisdiction of the court."

To enable these subdivisions to be read in the context of the entire statute, we have set forth the complete text of the relevant version of section 1305 (Stats. 1995, ch. 434, § 1) in an appendix, *post*, at pages 281-283.

based on temporary disability "[if] the defendant is unable to appear in court during the remainder of the 180-day period." (§ 1305, subd. (e)(2).) However, the statute is silent with respect to the procedure for seeking a tolling order. In other words, it does *not* provide for a grace period in which to hear a request for tolling after the 180-day period has expired.

In response to our request for briefing on this issue, National merely quoted the sentence of section 1305, subdivision (c)(4), which provides: "A motion" timely filed within the 180-day period may be heard within 30 days after expiration of this period. (Italics added.) From this language National concludes ipse dixit that the 30-day grace period of subdivision (c)(4) also applies to subdivision (e). We reject National's position.

■ "The goal of statutory construction is to ascertain and effectuate the intent of the Legislature. [Citation.] Ordinarily, the words of the statute provide the most reliable indication of legislative intent. [Citation.] When the statutory language is ambiguous, the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes. [Citations.]" (*Pacific Gas & Electric Co.* v. *County of Stanislaus* (1997) 16 Cal.4th 1143, 1152 [69 Cal.Rptr.2d 329, 947 P.2d 291].) Conversely, "[w]hen ' "statutory language is . . . clear and unambiguous there is no need for construction, and courts should not indulge in it." ' [Citations.]" (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601 [7 Cal.Rptr.2d 238, 828 P.2d 140].)

■ As stated, we find the language of section 1305, subdivisions (c)(4) and (e) to be clear in providing that the trial court's jurisdiction to hear a. motion within 30 days after expiration of the 180-day period applies to motions to vacate forfeiture, not to motions to toll this period. Viewing these subdivisions with an eye toward harmonizing section 1305 internally, we still find them to be discrete.[4] National has not offered nor are we able to find any historical or logical reason to permit cloning the 30-day language of section 1305, subdivision (c)(4), and grafting it wholesale onto subdivision (e).

Although not mentioned by the parties, two cases which have reached a different conclusion than ours must be addressed. In *People* v. *Resolute Ins. Co.* (1975) 46 Cal.App.3d 249, 254-255 [120 Cal.Rptr. 17], the court

---

[4]In a pleading that is not part of the record on appeal, National moved to vacate the bail forfeiture and exonerate the bond. That motion was denied on February 7, 1996, the day before the motion for tolling was granted. Thus, the record demonstrates an understanding by National that a motion to vacate forfeiture is not the same as a motion to toll the 180-day period.

considered, inter alia, whether the 180-day period could be tolled based on a motion by the surety that did not specifically request tolling in its caption. In a preliminary discussion of the requirements of then section 1305, subdivision (a), the court stated: "If the surety makes a motion within the 180 day-period, *which motion can be heard up to 30 days later,* and 'it is made to appear from the satisfaction of the court that the defendant is temporarily disabled' [(§ 1305, subd. (a))] from appearing, the period of disability is deducted from the 180 days." (46 Cal.App.3d at p. 254, italics added.) In *County of Los Angeles* v. *Surety Ins. Co.* (1984) 152 Cal.App.3d 16, 21 [199 Cal.Rptr. 351], this language was quoted in a situation where the parties had agreed that tolling could be ordered within 30 days after the 180-day period had expired.

We respectfully disagree with these dicta pronouncements. The versions of section 1305 in effect at the time of these decisions had a different format than the present version of the statute.[5] However, irrespective of format, the subjects of vacating forfeiture and tolling the 180-day period were still set forth in different portions of the statute and still failed to provide any basis for applying the procedures of one to the other. Thus, to the extent that *People* v. *Resolute Ins. Co., supra,* 46 Cal.App.3d 249, and *County of Los Angeles* v. *Surety Ins. Co., supra,* 152 Cal.App.3d 16, can be read as permitting a motion for tolling to be within 30 days after the expiration of the 180-day period, we decline to follow them.[6]

### 3. *Conclusion*

We cannot disagree that there is substantial logic to permitting a motion to toll the 180-day period to be heard within 30 days of the 180-day period, as is the case with a motion to vacate forfeiture. Indeed, it is obvious that hearing a motion to toll within a 30-day grace period is the current practice in some of our trial courts. ▆ Nonetheless, when determining how a statute is to be applied, we " ' "must follow the language used and give to it its plain meaning, whatever may be thought of the wisdom, expediency, or

---

[5]The complete text of the version of section 1305 in effect when *People* v. *Resolute Ins. Co., supra,* 46 Cal.App.3d 249, was decided (Stats. 1972, ch. 1114, § 1, pp. 2124-2126) is also set forth in the appendix, *post,* at pages 283-285. The statute was substantially the same when considered by the court in *County of Los Angeles* v. *Surety Ins. Co., supra,* 152 Cal.App.3d 16, was decided. (Stats. 1979, ch. 873, § 10.5, pp. 3041-3042.)

[6]The extra 30 days in which to hear a motion to vacate forfeiture has had somewhat of a rocky history, having been deleted from section 1305 in a 1985 amendment (Stats. 1985, ch. 1486, § 1, pp. 5481-5482), only to be reinstated when the statute was repealed and revised in 1993. (Stats. 1993, ch. 524, § 2; see *People* v. *Topa Ins. Co., supra,* 32 Cal.App.4th at pp. 298-299.) Again, we find nothing in these versions of the statute that would affect our conclusion that the 30-day grace period does not apply to a motion to toll the 180-day period.

policy . . . ." ' [Citation.]" (*People* v. *Weidert* (1985) 39 Cal.3d 836, 843 [218 Cal.Rptr. 57, 705 P.2d 380].)

■    Section 1305 requires that any order for tolling the 180-day period be entered before that period has expired. Since the tolling in this case came by way of order made after the 180-day period had expired, it was void. Under section 1306, subdivision (a), once the 180-day period had expired with the bail remaining forfeited, the County had 90 days within which to have summary judgment entered on the forfeiture. The County did so. Accordingly, National's motion to set aside the summary judgment was properly denied. (Cf. *County of Los Angeles* v. *American Bankers Ins. Co., supra,* 44 Cal.App.4th at p. 797.)

## DISPOSITION

The order under review is affirmed.

Vogel (Miriam A.), Acting P. J., and Dunn, J.,* concurred.

---

*Judge of the Municipal Court for the Long Beach Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

APPENDIX

**Penal Code Section 1305 per Statutes 1995, Chapter 434, Section 1:**

"(a) A court shall declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. [¶] (5) To surrender himself or herself in execution of the judgment after appeal. [¶] However, the court shall not have jurisdiction to declare a forfeiture and the bail shall be released of all obligations under the bond if the case is dismissed or if no complaint is filed within 15 days from the date of arraignment.

"(b) If the amount of the bond or money or property deposited exceeds four hundred dollars ($400), the clerk of the court shall, within 30 days of the forfeiture, mail notice of the forfeiture to the surety or the depositor of money posted instead of bail. At the same time, the court shall mail a copy of the forfeiture notice to the bail agent whose name appears on the bond. The clerk shall also execute a certificate of mailing of the forfeiture notice and shall place the certificate in the court's file. If the notice of forfeiture is required to be mailed pursuant to this section, the 180-day period provided for in this section shall be extended by a period of five days to allow for the mailing.

"If the surety is an authorized corporate surety, and if the bond plainly displays the mailing address of the corporate surety and the bail agent, then notice of the forfeiture shall be mailed to the surety at that address and to the bail agent, and mailing alone to the surety or the bail agent shall not constitute compliance with this section.

"The surety or depositor shall be released of all obligations under the bond if any of the following conditions apply: [¶] (1) The clerk fails to mail the notice of forfeiture in accordance with this section within 30 days after the entry of the forfeiture. [¶] (2) The clerk fails to mail the notice of forfeiture to the surety at the address printed on the bond. [¶] (3) The clerk fails to mail a copy of the notice of forfeiture to the bail agent at the address shown on the bond.

"(c)(1) If the defendant appears either voluntarily or in custody after surrender or arrest in court within 180 days of the date of forfeiture or within 180 days of the date of mailing of the notice if the notice is required under

subdivision (b), the court shall, on its own motion at the time the defendant first appears in court on the case in which the forfeiture was entered, direct the order of forfeiture to be vacated and the bond exonerated. If the court fails to so act on its own motion, then the surety's or depositor's obligations under the bond shall be immediately vacated and the bond exonerated. An order vacating the forfeiture and exonerating the bond may be made on terms that are just and do not exceed the terms imposed in similar situations with respect to other forms of pretrial release.

"(2) If, within the county where the case is located, the defendant is surrendered to custody by the bail or is arrested in the underlying case within the 180-day period, and is subsequently released from custody prior to an appearance in court, the court shall, on its own motion, direct the order of forfeiture to be vacated and the bond exonerated. If the court fails to so act on its own motion, then the surety's or depositor's obligations under the bond shall be immediately vacated and the bond exonerated. An order vacating the forfeiture and exonerating the bond may be made on terms that are just and do not exceed the terms imposed in similar situations with respect to other forms of pretrial release.

"(3) If, outside the county where the case is located, the defendant is surrendered to custody by the bail or is arrested in the underlying case within the 180-day period, the court shall vacate the forfeiture and exonerate the bail.

"(4) Except as provided in paragraphs (1) and (2), the court, in its discretion, may require that the bail provide 10 days' prior notice to the applicable prosecuting agency, as a condition precedent to vacating the forfeiture. The notice may be given by the surety insurer, the bail agent, the surety, or the depositor of money or property, any of whom may appear in person or through an attorney. A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period. The court may extend the 30-day period upon a showing of good cause.

"In lieu of exonerating the bond, the court may order the bail reinstated and the defendant released on the same bond if both of the following conditions are met: [¶] (A) The bail is given prior notice of the reinstatement. [¶] (B) The bail has not surrendered the defendant.

"(d) In the case of a permanent disability, the court shall direct the order of forfeiture to be vacated and the bail or money or property deposited as bail exonerated if, within 180 days of the date of forfeiture or within 180

days of the date of mailing of the notice if notice is required under subdivision (b), it is made apparent to the satisfaction of the court that both of the following conditions are met: [¶] (1) The defendant is deceased or otherwise permanently unable to appear in the court due to illness, insanity, or detention by military or civil authorities. [¶] (2) The absence of the defendant is without the connivance of the bail.

"(e) In the case of a temporary disability, the court shall order the tolling of the 180-day period provided in this section during the period of temporary disability, provided that it appears to the satisfaction of the court that the following conditions are met: [¶] (1) The defendant is temporarily disabled by reason of illness, insanity, or detention by military or civil authorities. [¶] (2) Based upon the temporary disability, the defendant is unable to appear in court during the remainder of the 180-day period. [¶] (3) The absence of the defendant is without the connivance of the bail. [¶] The period of the tolling shall be extended for a reasonable period of time, at the discretion of the court, after the cessation of the disability to allow for the return of the defendant to the jurisdiction of the court.

"(f) In all cases where a defendant is in custody beyond the jurisdiction of the court that ordered the bail forfeited, and the prosecuting agency elects not to seek extradition after being informed of the location of the defendant, the court shall vacate the forfeiture and exonerate the bond on terms that are just and do not exceed the terms imposed in similar situations with respect to other forms of pretrial release.

"(g) In all cases of forfeiture where a defendant is not in custody and is beyond the jurisdiction of the state, is temporarily detained, by the bail agent, in the presence of a local law enforcement officer of the jurisdiction in which the defendant is located, and is positively identified by that law enforcement officer as the wanted defendant in an affidavit signed under penalty of perjury, and the prosecuting agency elects not to seek extradition after being informed of the location of the defendant, the court shall vacate the forfeiture and exonerate the bond on terms that are just and do not exceed the terms imposed in similar situations with respect to other forms of pretrial release."

### Penal Code Section 1305 per Statutes 1972, Chapter 1114, Section 1:

"(a) If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes

and the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited, and, if the amount of the forfeiture exceeds fifty dollars ($50), the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond or depositor of money instead of a bond, and shall execute an affidavit of such mailing and place it in the court's file in the case. If the surety is an authorized corporate surety insurer, and if the bond has plainly printed or stamped thereon the address of its principal office in California, such notice shall be mailed to such surety at such address, and mailing to the bail agent or solicitor who posted the bond shall not constitute compliance with this section; the clerk shall at the same time send a copy of such notice to the bail agent or solicitor who posted the bond. If the clerk fails to mail such notice within 30 days after such entry, the surety or depositor shall be released from all obligations under the bond.

"But if at any time within 180 days after such entry in the minutes or, if mailing of notice of forfeiture is required, within 180 days after mailing such notice of forfeiture, the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just, and may order the bail reinstated and the defendant released again on the same bond. If at any time within the 180 days after such entry in the minutes or mailing as the case may be, the bail should surrender the defendant to the court or to custody, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just.

"If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is dead or is otherwise permanently unable to appear in court due to illness, insanity, or detention by civil or military authorities, and that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just. If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is temporarily disabled by reason of illness, insanity, or detention by civil or military authorities and is therefore unable to appear in court at any time during the remainder of such 180 days, and that the absence of the defendant has not been with the connivance of the bail, then the period of time during which the disability continues shall not be deemed part of such 180 days. Upon a finding by the court that a reasonable period

of time is necessary in order to return the defendant to court upon the termination of the disability, then such period of time, as fixed by the court, shall not be deemed part of such 180 days.

"Unless waived by the district attorney or other prosecuting attorney, no order discharging the forfeiture of the undertaking or deposit shall be made without opportunity for hearing and the filing of a notice of motion for such order setting forth the basis for relief, with proof of service upon the district attorney or other prosecuting attorney at least 10 days prior to the time set for hearing of the motion and otherwise in compliance with the provisions of Section 1010 of the Code of Civil Procedure. Such notice may be given by the surety insurer, its bail agent, the surety, or depositor of money, any of whom may give such notice and appear either in person or by attorney. Such notice of motion must be filed within 180 days after such entry in the minutes or mailing as the case may be, and must be heard and determined within 30 days after the expiration of such 180 days, unless the court for good cause shown, shall extend the time for hearing and determination.

"(b) . . . . . . . . . . . . . . . . . . . . . . . . . ."