Filed 10/2/20  P. v. The North River Ins. Co. CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047599 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1512647) |
| v. | |
| THE NORTH RIVER INS. CO. et al., | |
| Defendants and Appellants. | |

When a pretrial defendant who had been released on bail failed to appear at a court-ordered hearing, the trial court ordered bail forfeited.  The court later entered a summary judgment against the surety, The North River Insurance Company (North River or the surety).  The surety and the bail agent appeal, arguing that the court prematurely declared forfeiture of bail and, alternatively, that reversal is required because the entry of summary judgment was untimely.  The People do not oppose the appeal.  We conclude that the trial court lacked jurisdiction to enter summary judgment and, for that reason, reverse.

I.    **BACKGROUND**

A felony complaint filed on June 9, 2015 in Santa Clara County Superior Court alleged that defendant Rene Escamilla Delacueva committed five counts of rape in violation of Penal Code Section 261(a)(2).[1]  The trial court initially set defendant's bail at $1.5 million.  On March 22, 2018, the court reduced the bail to $25,000 and ordered that,

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

as a condition of defendant's supervised own recognizance release, defendant be subjected to GPS home detention. That same day, Bad Boys Bail Bonds, acting as bail agent of North River, posted a bail bond in the amount of $25,000 for defendant.

Defendant appeared for a scheduled plea hearing on May 3, 2018. At that hearing, the court set the matter for a preliminary hearing on May 24 and ordered defendant to be present on that date at 8:30 a.m.

On May 11, a pretrial services officer requested a calendar setting for May 15 and asserted that defendant had cut off his GPS unit and had failed to report to his pretrial services officer, such that he was in violation of the conditions of his release. At the May 15 hearing, at which defendant was not present, the court ordered the bail bond forfeited. North River and Bad Boys Bail Bonds were sent a notice of bail forfeiture, which stated that the forfeiture would become final on November 18, 2018 (180 days plus five days because the notice was mailed).

On November 16, 2018, Bad Boys Bail Bonds moved to extend the appearance period. On December 12, 2018, the trial court granted a 90-day extension to March 12, 2019.

On July 1, 2019, the trial court entered judgment against North River in the sum of $25,000. Bad Boys Bail Bonds and North River timely appealed.

## II.   DISCUSSION

"The forfeiture of bail and related proceedings are a matter of statutory procedure governed by sections 1305 through 1308." (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 709.) Section 1305, subdivision (a)(1)(D) requires the trial court to declare forfeiture of a bail bond when, among other things, "a defendant fails to appear" "without sufficient excuse" on any "occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required." " 'The surety that posted the bond then has a statutory "appearance" period in which either to produce the accused in court and have the forfeiture set aside, or to demonstrate other circumstances

2

requiring the court to vacate the forfeiture. If the forfeiture is not set aside by the end of the appearance period, the court is required to enter summary judgment against the surety. (§ 1306, subd. (a).)' [Citation.]" (*People v. International Fidelity Ins. Co.* (2018) 20 Cal.App.5th 345, 353.) The court is statutorily required to enter summary judgment "within 90 days after the date upon which it may first be entered . . . ." (§ 1306, subd. (c).) If the court fails to enter summary judgment in that timeframe, "the right to do so expires and the bail is exonerated." (*Ibid.*) Sections 1305 and 1306 are considered jurisdictional prescriptions; " '[f]ailure to follow the[m] . . . renders a summary judgment on the bail bond void.' [Citations.]" (*County of Orange v. Lexington Nat. Ins. Corp.* (2006) 140 Cal.App.4th 1488, 1492-1493.)

Here, the appearance period was extended to March 12, 2019. Therefore, March 13, 2019 was the first date upon which summary judgment could have been entered against North River. Section 1306, subdivision (c) required the court to enter summary judgment within the next 90 days, or by June 11, 2019. The trial court no longer had jurisdiction when it entered summary judgment on July 1, 2019. (See *County of Los Angeles v. American Bankers Ins. Co.* (1996) 44 Cal.App.4th 792, 796.) The summary judgment therefore is void.

Having concluded that reversal is required due to the untimeliness of the entry of summary judgment, we need not consider whether the court declared forfeiture prematurely.

## III.   DISPOSITION

The judgment is reversed and the matter is remanded to the trial court. The trial court is directed, on remand, to enter a new order vacating the forfeiture and exonerating the bail. Appellants shall recover their costs on appeal.

_____

ELIA, J.

WE CONCUR:


_____

PREMO, Acting P.J.



_____

BAMATTRE-MANOUKIAN, J.




*People v. The North River Ins. et al.*
H047599