[Nos. E025091, E025094. Fourth Dist., Div. Two. July 13, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
NATIONAL AUTOMOBILE AND CASUALTY INSURANCE CO.,
Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part A.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Paul N. Bruce, County Counsel and Dana Crom Harvey, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**McKINSTER, J.**—A surety on two bail bonds appeals from the denials of its motions to set aside the summary judgments entered against it, to vacate the forfeiture of the bonds, and to exonerate it from any liability. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 13, 1996, the National Automobile and Casualty Insurance Company, as surety (Surety), posted two $15,000 bail bonds on behalf of Milton Henry Zobie in two felony actions in which he was charged: *People v. Zobie* (Mun. Ct. Inyo County, Nos. 96BF0483 and 96BF0495).[1]

In case No. 96BF0483, a preliminary hearing was conducted on July 24, 1996. Zobie was held to answer, and the bail bond was ordered to be "transferred," presumably to the superior court. On September 18, 1996, Zobie waived his right to a preliminary hearing in case No. 96BF0495. He was held to answer, and his bail bond in that case was also transferred. Upon being transferred to superior court, the municipal court cases were renumbered CR 21890 and CR 22011, respectively, and consolidated for trial.

---

[1] On the latter bond, the case number is erroneously shown to be 96BF496.

The defendant failed to appear for trial on June 3, 1997, as ordered. The trial court declared the bail forfeited on that date. (Pen. Code, § 1305, subd. (a)(2).)[2] The clerk mailed notice of that forfeiture the following day, June 4, thereby commencing the running of the 185-day period within which the Surety would be entitled to have the forfeiture vacated and the bond exonerated upon the appearance of Zobie. (§ 1305, subds. (b) & (c).)

The Surety moved to vacate the forfeiture of its bonds, but those motions were denied on November 7, 1997. On December 1, 1997, the Surety filed a motion for an order extending the 185-day period within which to produce Zobie. (§ 1305.4.) That motion, set to be heard on December 19, 1997, was taken off calendar pursuant to a stipulation that was signed by the Surety and the County of Inyo on December 9, 1997, and filed December 16, 1997. Pursuant to that stipulation, on December 16, 1997, the trial court extended the 185-day appearance period to June 3, 1998.

Thereafter, the Surety and the county again stipulated to extend the appearance period. By a written stipulation signed June 2, 1998, and filed on June 4, 1998, the trial court on the latter date ordered the period extended to November 30, 1998.

On December 3, 1998, Zobie having failed to appear within the period as extended, the trial court entered summary judgments against the Surety for the amount of the two bonds. (§ 1306, subd. (a).)

Thereafter, the Surety moved to set aside the judgments on the ground that the trial court had lacked jurisdiction to enter the judgments. The trial court denied those motions. The Surety separately appeals from those denials. We have consolidated the two appeals.

### CONTENTIONS

In contending that the trial court erred by denying its motions to set aside the judgments, the Surety argues that the bonds were exonerated prior to the declaration of forfeiture. Alternatively, the Surety contends that the summary judgments are void for lack of jurisdiction. We find no merit in either contention.

---

[2]Unless specified otherwise, all further section references are to the Penal Code.

ANALYSIS

A. *The Bonds Were Not Exonerated Prior to the Declaration of Forfeiture.*\*

. . . . . . . . . . . . . . . . . . . . . . . .

B. *The Surety Is Estopped from Contending That the Orders Extending the Appearance Period and the Resulting Judgments Are Invalid.*

In contending that the judgments are void for want of jurisdiction, the Surety reasons as follows: (1) If "summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated." (§ 1306, subd. (c).) (2) The date on which the summary judgment may first be entered is when the appearance period has elapsed (§ 1306, subd. (a)), which is 185 days after the mailing of the notice of forfeiture unless the period was validly tolled (§ 1305, subds. (b) & (c)) or extended (§ 1305.4). (3) The appearance period cannot be validly extended unless the order doing so is made before the period has elapsed. (4) Here, the orders extending the period were not made until after the initial 185-day period had elapsed. (5) Therefore, the trial court was without jurisdiction to enter the summary judgments and the judgments are void.

The Surety's first and second premises are correct. So is its fourth. As noted above, the notice of forfeiture was served by mail on June 4, 1997. Therefore, the 185-day appearance period ended on December 6, 1997, but the order extending the period was not entered until December 16, 1997. Hence, the Surety's conclusion depends upon the strength of its third premise, i.e., that the trial court lacked jurisdiction to extend the appearance period after it had elapsed.

*County of Los Angeles v. National Automobile & Casualty Ins. Co.* (1998) 67 Cal.App.4th 271 [79 Cal.Rptr.2d 5] holds that, under the law in effect at the time of the extension orders here, "any order for tolling the 180-day period [must] be entered before that period has expired. Since the tolling in this case came by way of [an] order made after the 180-day period had expired, it was void."[3] (*County of Los Angeles, supra,* 67 Cal.App.4th at p. 280.) The same rule applies to motions under 1305.4 to extend the appearance period rather than to toll it. (*People v. American Surety Ins. Co.* (1999)

---

\*See footnote, *ante,* page 120.

[3]That holding was statutorily overruled by amendments to section 1305.4 made in 1999. (Stats. 1999, ch. 570, § 3.) As amended effective January 1, 2000, section 1305.4 provides

75 Cal.App.4th 719, 727-728 [89 Cal.Rptr.2d 422].) Therefore, the trial court acted beyond its statutory authority when it ordered the appearance period extended.

The Surety contends that that error is a jurisdictional defect that cannot be cured by the parties' stipulation. In response, the County argues that the Surety is estopped from contesting the trial court's authority. The County is correct.

Just as "jurisdiction" has different meanings (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 287 [109 P.2d 942, 132 A.L.R. 715]), a "lack of jurisdiction" can take different forms and have different consequences. "Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties." (*Id.*, at p. 288.)

"But in its ordinary usage the phrase 'lack of jurisdiction' is not limited to these fundamental situations." (*Abelleira v. District Court of Appeal, supra,* 17 Cal.2d at p. 288.) It is also applied more broadly "to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites." (*Ibid.*) "Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of *stare decisis*, are in excess of jurisdiction . . . ." (*Id.*, at p. 291; and see generally 2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 276, pp. 840-842.)

The distinction between a lack of jurisdiction over the cause and an act in excess of jurisdiction has significant consequences. For instance, subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel. (2 Witkin, Cal. Procedure, *supra*, Jurisdiction, § 12, p. 556.) By contrast, when "the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction." (*In re Griffin* (1967) 67 Cal.2d 343, 347 [62 Cal.Rptr. 1, 431 P.2d 625].) "A

---

that a motion for extension "may be filed and calendared as provided in subdivision (i) of Section 1305." Section 1305, subdivision (i) now provides that motions filed within the appearance period may be ruled upon within 30 days after the appearance period expires. But those amendments have no application here because the operative events occurred in 1997 and 1998.

litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.' " (*Id.*, at p. 348, quoting *City of Los Angeles v. Cole* (1946) 28 Cal.2d 509, 515 [170 P.2d 928].)

 The Surety relies upon this court's opinion in *People v. American Bankers Ins. Co.* (1991) 227 Cal.App.3d 1289 [278 Cal.Rptr. 314], in which we equated acts by a trial court in excess of its jurisdiction with a lack of subject matter jurisdiction, and stated that if a motion is untimely, the consent of the People to the consideration of that untimely motion does not cure that jurisdictional defect. (*Id.*, at pp. 1296-1297.) That proposition, for which we cited no authority, is contrary to controlling law. (See *In re Griffin, supra,* 67 Cal.2d at pp. 346-347.) Rather than perpetuate that error, we acknowlege our mistake and overrule our prior opinion on that issue.

The correct rule—i.e., that a litigant who has stipulated or otherwise consented to a procedure in excess of jurisdiction may be estopped to question it—has been applied in factual and procedural circumstances materially indistinguishable from those before us. In *County of Los Angeles v. Ranger Ins. Co.* (1999) 70 Cal.App.4th 10 [82 Cal.Rptr.2d 214], the surety moved the trial court to toll the running of the appearance period. (*Id.*, at p. 12.) The motion and the order granting it were both made before the period expired, but the evidence submitted in support of the motion was not sufficient to establish the statutory grounds for tolling. (*Id.*, at pp. 12-13.) Summary judgment was entered within 90 days of the extended appearance period but more than 90 days after the initial period had elapsed. (*Id.*, at pp. 16-17.) The surety argued that because its evidentiary showing in support of its motion to toll the appearance period had been inadequate, the trial court had lacked jurisdiction to toll the period and the judgment was untimely. (*Id.*, at p. 15.)

The appellate court rejected that analysis, colorfully explaining that the surety in that case had come into the trial court "with its hat in hand, seeking and receiving a favor—the tolling of the statutory time period in which to have the forfeiture on its bond vacated. Having been handed the favor, [the surety] now seeks to bite the hand from which the favor was obtained by contending the trial court was without authority to toll the running of the 185-day period because [the surety] had not presented the trial court with sufficient information to warrant such a tolling. . . . We will not permit [the surety] to 'trifle with the courts.' " (*County of Los Angeles v. Ranger Ins. Co., supra,* 70 Cal.App.4th at pp. 18-19.)

The same conclusion is even more compelling here. The orders extending the appearance period exceeded the trial court's jurisdiction because the

185-day period had expired before the earlier of the two orders was entered, a reason even more objective and more obvious than the lack of sufficient evidence to establish the statutory grounds. More importantly, in the written stipulations upon which the two orders extending the appearance period were based, the Surety expressly agreed "not to bring any action that directly or collaterally attacks any tolling order entered in this case." Despite that promise, the Surety made just such attacks in its motions to set aside the judgments.

We conclude that, just as in *County of Los Angeles v. Ranger Ins. Co.*, *supra*, 70 Cal.App.4th 10, although the trial court had acted in excess of its jurisdiction when it extended the appearance period, the Surety here is estopped from challenging those orders. Since its challenges to the summary judgments are premised upon the alleged invalidity of those orders, those challenges also fail.

### DISPOSITION

The postjudgment orders are affirmed. The County of Inyo shall recover its costs on appeal.

Ramirez, P. J., and Ward, J., concurred.

A petition for a rehearing was denied August 1, 2000.