[No. C038457. Third Dist., Aug. 26, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Karen Keating Jahr, County Counsel, and John L. Loomis, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

BLEASE, Acting P. J.—Ranger Insurance Company (Ranger) appeals from an order refusing to discharge an order of forfeiture and exonerate bail, and a summary judgment entered against it, pursuant to Penal Code sections 1305 and 1306.[1] On appeal, Ranger contends the summary judgment was void for lack of jurisdiction. We reject this argument, and affirm the judgment, and sanction Ranger and its counsel, E. Alan Nunez, for a frivolous appeal.

### STATEMENT OF FACTS

On January 25, 1999, Ranger posted a bond on behalf of William Jerome Nolan. When Nolan failed to appear on December 1, 1999, the court ordered the bond forfeited and mailed notice that same day to Ranger.

On May 10, 2000, Ranger filed a motion to extend the bail forfeiture date, pursuant to section 1305.4 and requested an extension for an additional 180

---

[1] Unless otherwise indicated all further statutory references are to the Penal Code.

days.[2] Pursuant to Ranger's request, the hearing on the motion was set for June 5, 2000, at which time the court granted Ranger's motion. Thus, time for bail forfeiture was extended to November 22, 2000. Summary judgment was entered on January 2, 2001, well within the 90 days from forfeiture allowed by section 1306.

## DISCUSSION

■ It is well settled that the forfeiture or exoneration of bail is an entirely statutory procedure, and that the statutes governing the procedures are to be strictly construed in favor of the surety. (*People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1552 [78 Cal.Rptr.2d 763].) Section 1305 provides for circumstances in which the surety may have the bail forfeiture set aside. It imposes a 180-day jurisdictional time limit (from the time of forfeiture) in which such relief can be granted. The 180-day period is extended by five days if the notice of forfeiture is mailed. (§ 1305, subd. (b).) After the expiration of this 185-day period, the court has 90 days within which to enter summary judgment. (§ 1306, subd. (c).)

■ It is these jurisdictional time frames upon which Ranger's argument rests. Ranger argues the 185 days expired on June 4, 2000, and the court was without jurisdiction to extend the time on June 5, 2000. This argument fails because Ranger has miscounted the days.

The 185-day period began to run on December 1, 1999, when the court mailed its notice of forfeiture to Ranger. Ranger says the 185th day was Sunday, June 4, 2000. It was not. The year 2000 was a leap year, so that February had 29, not 28 days. The 185th day was Saturday, June 3, 2000.

On June 3, 2000, Code of Civil Procedure section 12a provided in relevant part: "If the last day for the performance of any act provided or required by law to be performed within a specified period of time shall be a holiday, then that period is hereby extended to and including the next day which is not a holiday. The term 'holiday' as used herein shall mean all day on Saturdays, all holidays specified in Section 6700 and 6701 of the Government Code, other than the holidays specified in subdivisions (c) and (f) of Section 6700 of the Government Code . . . ."[3] (Stats. 1994, ch. 1011, § 2, p. 6169.) Section 6700 of the Government Code provided in relevant part, as it does now: "The holidays in this state are: [¶] (a) Every Sunday." "Where, as here, the 185th day within which a motion for extension [of a bail forfeiture date]

---

[2]This important fact was conveniently omitted from Ranger's statement of facts.

[3]Code of Civil Procedure section 12a was amended in 2001 in ways that made no change in the statute that is pertinent to this case. (See Stats. 2001, ch. 542, § 2.)

must be filed falls on a holiday, the principle of strict construction in favor of the surety requires that Code of Civil Procedure section 12a apply." (*People v. International Fidelity Ins. Co.* (2001) 92 Cal.App.4th 470, 474 [112 Cal.Rptr.2d 1].)

In this case, as we have noted, the 185th day fell on Saturday, June 3, 2000, a holiday. The next day, Sunday, June 4, 2000, was also a holiday. The first day which was not a holiday was Monday, June 5, 2000, which was the day the court lawfully granted Ranger's motion. (Former Code Civ. Proc., § 12a; *People v. International Fidelity Ins. Co., supra,* 92 Cal.App.4th at pp. 474-475.)

Had Ranger correctly counted the days in this case, with reference to a calendar of the year 2000, Ranger should have known its appeal was utterly without merit. In addition, we note that, apart from this matter of miscounting days, case law uniformly holds that Ranger would be estopped from asserting a jurisdictional defect, because Ranger itself moved to extend time of forfeiture at a time when, Ranger now asserts, the court lacked jurisdiction. (*County of Los Angeles v. Ranger Ins. Co.* (1999) 70 Cal.App.4th 10, 18-19 [82 Cal.Rptr.2d 214]; *People v. National Automobile and Casualty Ins. Co.* (2000) 82 Cal.App.4th 120, 124-127 [97 Cal.Rptr.2d 858]; *People v. Frontier Pacific Ins. Co.* (2000) 83 Cal.App.4th 1289, 1294 [100 Cal.Rptr.2d 433].) The authority relied upon by Ranger—*County of Los Angeles v. National Automobile & Casualty Ins. Co.* (1998) 67 Cal.App.4th 271 [79 Cal.Rptr.2d 5]—was overruled by statutory amendment to section 1305.4 effective January 1, 2000. (*People v. National Automobile and Casualty Ins. Co., supra,* 82 Cal.App.4th at p. 125, fn. 3.)

We have previously issued an order to show cause re frivolous appeal to Ranger and its counsel on appeal. The hearing was held on July 16, 2002. The legal analysis above, combined with Nunez's replies when confronted with this analysis, convinces us beyond any doubt that Nunez and Ranger filed a frivolous appeal.

A simple review of a year 2000 calendar would have revealed there was no factual predicate for this appeal. Upon being confronted with this error, Nunez responded he "omitted to notice" that the 185th day was a Saturday. He maintained this omission was not done with any intention to mislead the court or with any improper notice.

The sole authority upon which Nunez and Ranger rest this appeal has been disagreed with by three published cases, including one from this court. (*County of Los Angeles v. Ranger Ins. Co., supra,* 70 Cal.App.4th at

pp. 18-19; *People v. National Automobile and Casualty Ins. Co., supra,* 82 Cal.App.4th at pp. 124-127; *People v. Frontier Pacific Ins. Co., supra,* 83 Cal.App.4th at p. 1294.) The surety was the defendant in one of those cases, and Nunez was the attorney on all three of the cases. There are no facts in this case which would remove this case from the holdings in these three decisions.

Despite being the attorney of record in each of these cases, Nunez did not cite any of them in his opening brief. He did attempt to superficially distinguish two of them in his reply brief, but at no point in these proceedings did he even mention the *Frontier* case. When asked directly about *Frontier,* Nunez maintained he did not recall it, and that "somehow" he missed it. He also continued his refrain that any such omission was not done with any improper motive or with any intent to mislead the court.

Not only was the sole authority upon which Nunez and Ranger relied disagreed with, it was superseded by statutory amendment to section 1305.4, made effective January 1, 2000. Section 1305.4 now provides that motions filed within the 185-day period may be ruled upon within 30 days after the period expires. *(People v. National Automobile and Casualty Ins. Co., supra,* 82 Cal.App.4th at p. 125, fn. 3.) The statutory amendment was argued by respondent and ignored by Nunez and Ranger.

In his return Nunez claimed it was arguable the statute did not apply to this case, but he did not make an argument. It is clear to us the statute does apply. The amendment to section 1305.4 took effect in January 1, 2000. Ranger's motion to extend time under section 1305.4 was filed in May 2000. There is no legitimate argument that the amended statute would not control.

When confronted with this statutory amendment to section 1305.4, which overrules his sole authority, Nunez replied there had been no cases interpreting section 1305.4 and its applicability to this factual setting. Once again, this claim was spurious. In *People v. National Automobile and Casualty Ins. Co., supra,* 82 Cal.App.4th at page 125, footnote 3, the court specifically stated *County of Los Angeles v. National Automobile & Casualty Ins. Co., supra,* 67 Cal.App.4th 271 was overruled by the amendment to section 1305.4. When confronted with this authority, Nunez claimed he did not remember this case, a case on which he again was the attorney. Further, this amendment does not require court interpretation. Section 1305.4 was amended to allow a motion to extend to be "filed and calendared as provided in subdivision (i) of Section 1305." (§ 1305.4.) Section 1305, subdivision (i) provides, "A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period." This language could not be more plain.

We find Nunez's claims of ignorance and forgetfulness disingenuous. Nunez is a specialist in this area of law. Nunez was the attorney of record on each of the three cases cited above, including *Frontier*. It strains credulity to believe that a specialist in the area was unaware of recent, relevant case law directly on the issue he sought to appeal when he was the attorney of record on each of those cases. It also strains credulity that Ranger was unaware of any such authority, as they were the defendant in one of the cases, *County of Los Angeles v. Ranger Ins. Co., supra,* 70 Cal.App.4th 10.

■ "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit. [Citation.]" (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].)

■ In the circumstances, we conclude that this appeal "indisputably has no merit" in that "any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty, supra,* 31 Cal.3d at p. 650.) A critical fact was completely omitted from appellant's briefs. The sole authority upon which Nunez rests his appeal has been disagreed with by three published cases, including one from this court, and has been superseded by statutory amendment. This district and two others have decided this issue adversely to appellant. The surety was the defendant in one of those cases, and Nunez was the attorney on all three of those cases. There are no facts in this case which would remove this case from these three published decisions. In these circumstances we have no difficulty in inferring that this appeal is so entirely devoid of merit it must have been pursued for an improper purpose.

Having issued an order to show cause re: frivolous appeal and having considered all the papers and arguments of the parties in connection therewith, the court now orders appellant Ranger, and its attorney, E. Alan Nunez, jointly and severally, to pay the sum of $3,467 to the County of Shasta and to pay the sum of $10,000 to the clerk of this court as sanctions for a frivolous appeal. (*Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 36 [96 Cal.Rptr.2d 553].) Such sanctions shall be payable within 30 days of the filing of the remittitur. This opinion constitutes a written statement of our reasons for imposing sanctions. (*In re Marriage of Flaherty, supra,* 31 Cal.3d at p. 654.)

## DISPOSITION

The judgment is affirmed. We assess sanctions against appellant and its counsel, jointly and severally, in the amount of $3,467 to County of Shasta and in the amount of $10,000, payable to the clerk of this court, within 30 days after the filing of the remittitur. Pursuant to the requirements of Business and Professions Code section 6086.7, subdivision (c), the clerk of this court shall forward a copy of this opinion to the State Bar of California.

Sims, J., and Nicholson, J., concurred.

A petition for a rehearing was denied September 25, 2002, and appellant's petition for review by the Supreme Court was denied November 13, 2002.