Filed 4/8/14  P. .v American Contractors Indemnity Co.CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065985 & F066269 |
| v. | (Super. Ct. No. F10601989) |
| AMERICAN CONTRACTORS INDEMNITY COMPANY, | **O P I N I O N** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from orders and judgment of the Superior Court of Fresno County. James A. Kelley, Judge.

E. Alan Nunez, for Defendant and Appellant.

Kevin B. Briggs, County Counsel and Evan A. Merat, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Levy, Acting P.J., Cornell, J., and Franson, J.

American Contractors Indemnity Company (surety) appeals from orders denying relief from bail forfeiture and from the summary judgment based on the forfeiture. It contends the summary judgment was void for late entry and the bond should have been exonerated when the prosecutor elected not to extradite the defendant, Isela Molina. We conclude that the summary judgment was void because it was not entered within the 90-day period following denial of the surety's motion to vacate forfeiture, which renders the second contention moot.

## FACTS AND PROCEDURAL HISTORY

Molina was arrested for first degree burglary and posted bail. On June 14, 2011, she failed to appear and the court declared bail forfeited. A notice of forfeiture was mailed to the surety on June 15, 2011, making the bail forfeiture period set to expire on December 17, 2011. Subsequently, the parties twice stipulated to good cause for an extension and the trial court ordered an extension of time on bail forfeiture until July 5, 2012.

On June 11, 2012, the surety filed a motion to vacate forfeiture and exonerate bail on the grounds that the prosecutor elected not to extradite Molina after being informed of her location and identity (Pen. Code, § 1305, subd. (g)).[1] The People opposed the motion on the ground Molina had not been identified by a local law enforcement officer where she had been found. The surety countered that Molina's identification by a Mexican official was substantial compliance with the statutory requirements.

The minute order of July 2, 2012, reflects that the motion was heard and states, "Case is taken under submission. Original date 07/02/2012, Extension granted to 10/01/2012," and "In the cause previously taken under submission, the court now rules as follows:" "Motion denied." The surety appealed that order in appeal No. F065985.

---

[1]     Further statutory references are to the Penal Code.

On October 18, 2012, the court entered summary judgment on the forfeiture. The surety appealed that judgment in appeal No. F066269. This court consolidated the appeals.

## DISCUSSION

### Timeliness of Summary Judgment

The surety contends the summary judgment was void because it was not entered within the 90-day period following denial of its motion to vacate forfeiture. (§ 1306, subd. (c).) The 90-day period commenced to run on July 3, 2012, and expired on October 1, 2012. Therefore, summary judgment entered on October 18, 2012, was void and bail was exonerated by operation of statute. (*County of Orange v. Lexington Nat. Ins. Corp.* (2006) 140 Cal.App.4th 1488, 1493 ["Failure to follow the jurisdictional prescriptions in sections 1305 and 1306 renders a summary judgment on the bail bond void"].)

The People counter that the surety consented to the trial court's extension of the bail forfeiture period to a date beyond the maximum extension of time permitted under section 1305.4. Therefore, it is estopped from claiming that summary judgment was void.

### Statutory Requirements

No action is required to enter a summary judgment for forfeiture against a surety. The surety's contract contains a consent to summary entry of judgment (§§ 1278, 1287), and after expiration of the grace period following forfeiture or after denial of a motion to vacate forfeiture, the summary judgment must be entered, regardless of the amount of bail. (§ 1306, subd. (a).)

Section 1306, subdivision (a) provides: "When any bond is forfeited and the period of time specified in Section 1305 [185 days plus any extension of that period] has elapsed without the forfeiture having been set aside, the court which has declared the

3

forfeiture shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound." Section 1306, subdivision (c) provides, "[i]f, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated."

When a motion to vacate a forfeiture has been filed within the appearance period, the 90-day period within which the court must enter summary judgment does not begin to run until the motion to vacate has been decided. (*People v. Granite State Insurance Co.* (2003) 114 Cal.App.4th 758, 764.)

**Analysis**

As a preliminary matter, we do not interpret the court's 90-day extension statement in its minute order denying the motion to vacate forfeiture to be a further unauthorized extension of the appearance period. Neither the surety nor the People requested an extension, an extension was unauthorized under section 1305.4, and an extension of the appearance period was unnecessary: the surety had found Molina and informed the People of her location in Mexico and moved to vacate the forfeiture. We read that language as surplusage and immaterial to the issue before us.

In this case, the notice of forfeiture was mailed to the surety on June 15, 2011. The 185th day thereafter was December 17, 2011. That period was extended twice until July 5, 2012, during which time the surety filed a motion to vacate forfeiture and to exonerate the bond. The court denied the motion on July 2, 1012, making the 90-day period for entering summary judgment under section 1306 expire on October 1, 2012. The summary judgment entered on October 18, 2012, therefore, was in excess of the court's jurisdiction.

The People submit the surety is estopped to challenge the untimely summary judgment because it agreed to the extensions of the bail forfeiture period to a date beyond

4

the maximum extension of time permitted under section 1305.4.  They cite three cases in which the court held that similar affirmative conduct by the surety estopped it from challenging an untimely entered summary judgment.

In *People v. Accredited Surety & Casualty Co., Inc*. (2013) 220 Cal.App.4th 1137 (*Accredited Surety & Casualty*), the notice of forfeiture was mailed to the surety on January 18, 2011.  The 185th day thereafter was July 22, 2011, and the maximum extension of the appearance period authorized by section 1305.4 was 180 days from July 22, 2011 to January 18, 2012.  The surety's motion for the statutory extension did not suggest a specific date, but the People's nonopposition suggested that the deadline be extended for 180 days from the date of the hearing on the motion—until January 31, 2012.  The court's order, adopted the People's suggestion and purported to extend the deadline to January 31, 2012, a date unauthorized by the statute.  (*Accredited Surety & Casualty*, *supra*, at pp. 1140-1141.)  Measuring the 90-day period for entering summary judgment under section 1306 from January 18, 2012—the latest date authorized by section 1305.4—the 90 days expired on April 17, 2012.  The summary judgment was entered on April 26, 2012, and therefore was in excess of the court's jurisdiction.  The court held, however, that the surety's acquiescence in the court's indication that the appearance period would remain open until January 31, 2012, estopped it from now claiming that the period expired earlier and the court therefore entered summary judgment too late.  (*Accredited Surety & Casualty*, *supra*, at pp. 1149-1151; accord, *People v. National Automobile & Casualty Ins. Co.* (2000) 82 Cal.App.4th 120, 124-125, 127 [although court lacked jurisdiction to extend appearance period after it had elapsed, the surety was estopped to challenge the summary judgment entered within 90 days of the elapse of the extended appearance period]; *County of Los Angeles v. Ranger Ins. Co.* (1999) 70 Cal.App.4th 10, 15, 19 [although court lacked jurisdiction to grant surety's motion to toll the running of the appearance period because the evidence submitted was

5

insufficient to establish grounds for tolling, surety was estopped to challenge the summary judgment entered within 90 days of the elapse of the extended appearance period].)

The People's argument ignores a crucial difference in this case. In the cited cases, the surety requested or acquiesced to orders extending the appearance period beyond that permitted by section 1305.4. Therefore, the surety was estopped from challenging the summary judgment entered within 90 days of expiration of the unauthorized extension of the appearance period, but beyond the period in which it would have been entered had the parties not agreed to the unauthorized extension. In this case, summary judgment was not entered within 90 days of the improperly extended appearance period and the order denying vacation of the forfeiture and exoneration of the bond. Accordingly, while the surety would be estopped from challenging a ruling resulting from the improperly extended appearance period, it is not estopped from challenging the untimely summary judgment to which it did not agree or acquiesce.

Accordingly, because summary judgment was not entered within 90 days of the order denying the motion to vacate, the court's right to do so expired and the judgment was void.

## DISPOSITION

The judgment is reversed. The matter is remanded with directions to discharge the forfeiture order and exonerate the bond. (§ 1306, subd. (c).) Appellant is awarded costs.