Filed 1/15/16  San Diegans for Open Government v. City of San Diego Public Facilities Financing Authority CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SAN DIEGANS FOR OPEN GOVERNMENT, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CITY OF SAN DIEGO PUBLIC FACILITIES FINANCING AUTHORITY et al., <br><br> Defendants and Respondents. | D067682 <br><br><br> (Super. Ct. No. 37-2014-00018335-CU-MC-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Ronald L. Styn, Judge.  Reversed and remanded.

Briggs Law Corporation, Cory J. Briggs, Anthony N. Kim and Kelly E. Mourning for Plaintiff and Appellant.

Jan I. Goldsmith, City Attorney, Daniel F. Bamberg and Meghan Ashley Wharton, Deputy City Attorneys, for Defendants and Respondents.

In a validation action or reverse validation action challenging bonds issued under the Marks-Roos Local Bond Pooling Act of 1985 (Gov. Code, § 6584 et seq.), Government Code section 6599, subdivision (a) (section 6599(a)) requires the plaintiff to serve a copy of the complaint on the Attorney General and the Treasurer "by the first day of the publication of summons . . . ."  Section 6599(a) also provides:  "A court may render no judgment in the matter or grant other permanent relief to any party except on proof of service of the Attorney General and the Treasurer as required by this section."

Here, the trial court dismissed a reverse validation action brought by San Diegans for Open Government (SDOG) against the City and related entities, to challenge a lease-back financing mechanism, on the ground SDOG's noncompliance with the time limitation of section 6599(a) divested it of subject matter jurisdiction.  The court also denied SDOG's postjudgment motion for relief under Code of Civil Procedure section 473, again on the ground it lacked jurisdiction to consider the matter because of SDOG's failure to strictly comply with section 6599(a).  SDOG appeals that order, contending the court erred by finding the time limitation of section 6599(a) is jurisdictional.

While this appeal was pending, we held in a related action, *San Diegans for Open Government v. City of San Diego* (2015) 242 Cal.App.4th 416 (*SDOG I*), that section 6599(a) is not jurisdictional, and the court has discretion to consider whether late service should be excused on the ground of lack of prejudice to the Attorney General and the Treasurer.  (*SDOG I,* at p. 432.)  Here, we conclude that because section 6599(a) is not jurisdictional, the court erred by denying SDOG's motion under Code of Civil Procedure section 473 *on the ground of lack of jurisdiction*.  We reverse the order and remand the

2

matter for a new hearing under Code of Civil Procedure section 473. We also clarify that Code of Civil Procedure section 473 is a proper mechanism for moving for relief from the failure to strictly comply with section 6599(a), and the moving party must not only comply with the provisions of Code of Civil Procedure section 473, but must also prove lack of prejudice to the State as a result of the delay.

FACTUAL AND PROCEDURAL BACKGROUND

On June 6, 2014, SDOG filed a reverse validation action (Code Civ. Proc., § 860) against the City of San Diego, the Redevelopment Agency of the City of San Diego, the Housing Authority of the City of San Diego, and the Public Facilities Financing Authority of the City of San Diego (Financing Authority) (collectively, the City). The complaint alleges a lease-back financing plan the City adopted to fund public infrastructure projects violates the law in numerous respects, including the requirement that municipal indebtedness exceeding annual income and revenue be approved by a two-thirds vote of the electorate. (Cal. Const., art. XVI, § 18, subd. (a); San Diego City Charter, art. VII, § 90(a).) According to the complaint, the City's use of the Financing Authority "to issue bonds . . . instead of [the City] issuing the bonds in its own name, is an artifice designed to circumvent the voter-assent requirement."

SDOG first published the summons on June 17, 2014. SDOG did not comply with section 6599(a) by serving a copy of the complaint on the Attorney General and the Treasurer on or before that date. In September 2014, SDOG filed a proof of service that states it served the Attorney General and the Treasurer with a copy of the complaint on

3

July 7, 2014. The proof of service was signed by an employee of the firm representing

SDOG, Briggs Law Corporation, on August 7, 2014.

In October 2014, the City moved for summary judgment on the merits, and also on

the ground the court lacked subject matter jurisdiction because of SDOG's failure to

strictly comply with the time limitation of section 6599(a). The City's separate statement

claims it is undisputed that SDOG "finally served" the Attorney General and the

Treasurer "late on July 7, 2014." The City cited SDOG's proof of service dated August 7,

2014.

After a hearing in January 2015, the court granted the City's motion without

reaching the merits of the complaint. The court determined it lacked subject matter

jurisdiction under section 6599(a) because SDOG did not serve the Attorney General and

the Treasurer with a copy of the complaint until July 7, 2014. On January 12, 2015, the

court entered a judgment of dismissal with prejudice.

In late January 2015, SDOG brought a motion for relief from the dismissal under

Code of Civil Procedure section 473.[1] SDOG argued the court "should grant the motion

on discretionary grounds because [p]laintiff's counsel's mistake in not notifying the

_____

[1]     Code of Civil Procedure section 473, subdivision (b) provides: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. . . . Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any . . . (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

4

Attorney General and the Treasurer about this lawsuit within the time limits prescribed by . . . [s]ection 6599[(a)] was reasonable, and the notice requirement is not jurisdictional such that [Code of Civil Procedure] [s]ection 473 relief is unavailable."  Alternatively, SDOG argued the court was required to grant relief because its counsel, Cory J. Briggs, "has submitted a declaration admitting fault for the delay in notification."

After a hearing, the court denied the motion on the ground SDOG's failure to strictly comply with section 6599(a) divested it of jurisdiction to consider the matter. The court explained:  "If there's no jurisdiction, you can't use [Code of Civil Procedure] [s]ection 473."  This appeal of the order followed, and we granted SDOG's request for calendar preference.

DISCUSSION

I

SDOG contends the court erred by denying its motion for relief under Code of Civil Procedure section 473 on the ground the noncompliance with the time limitation of section 6599(a) deprives the court of subject matter jurisdiction.  We agree.

" ' "Subject matter jurisdiction . . . is the power of the court over a cause of action or to act in a particular way." ' "  (*Saffer v. JP Morgan Chase Bank* (2014) 225 Cal.App.4th 1239, 1248.)  " 'Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' "  (*People v. National Automobile & Casualty Ins. Co.* (2000) 82 Cal.App.4th 120, 125.)  "When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus vulnerable to direct or collateral attack at

5

any time.' " (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660.) "Questions of subject matter jurisdiction are questions of law, which are reviewed de novo." (*Tearlach Resources Limited v. Western States International, Inc.* (2013) 219 Cal.App.4th 773, 780.)

While this appeal was pending, we held in a related case, *SDOG I, supra,* 242 Cal.App.4th at pages 431 to 432, that noncompliance with section 6599(a) does not deprive the court of subject matter jurisdiction. We need not repeat our entire analysis in *SDOG I,* but in summary, we explained that section 6599(a) does not expressly require dismissal absent strict compliance (*SDOG I,* at p. 429), and the legislative history does not support such an interpretation (*SDOG I,* at p. 430). Rather, the legislative history shows section 6599 was enacted in 2000 as part of Assembly Bill No. 2300 to " '[c]lose loopholes in the sale of land-based municipal bonds issued by "roving" joint powers authorities,' " which were "established to sell bonds under the Marks-Roos Act for the financing of projects by developers in exchange for substantial fees." (*SDOG I,* at p. 430.) The Legislature was concerned that "[s]tate officials . . . don't hear about validation suits over roving joint powers agencies' Marks-Roos Act bonds *until it's too late to respond effectively*." (*SDOG I,* at p. 431, original italics.)

We also noted: "Under the City's theory, an action would be subject to mandatory dismissal if service on the Attorney General and the Treasurer were even a day late and no prejudice resulted, i.e., they had sufficient time to intervene or perhaps even did intervene. We cannot reasonably attribute that intent to the Legislature, particularly because the validation statutes 'implement[] important policy considerations.' " (*SDOG I,*

6

*supra,* 242 Cal.App.4th at p. 431.) We concluded that "[t]o any extent a literal interpretation of [section 6599(a)] supports the City's position, . . . we decline to adopt [it] because it would lead to unintended and absurd results. The time for service set forth in the statute is mandatory and should, of course, be observed. However, '[m]ost procedural steps, including those regarded as "mandatory," are not jurisdictional. Errors or omissions in compliance with them are not fatal to the fundamental subject matter jurisdiction of the court [citation] or to its jurisdiction to act.' " (*SDOG I,* at p. 431.)

Because section 6599(a) is not jurisdictional, we conclude the court erred by denying SDOG's motion for relief under Code of Civil Procedure section 473 *on the ground it lacked subject matter jurisdiction.* The court should have considered SDOG's motion on its merits, as when service on the Attorney General and the Treasurer is late under section 6599(a), Code of Civil Procedure section 473 provides a proper mechanism for seeking relief from the consequences. We also clarify that in such a motion, the moving party has the burden of proving the Attorney General and the Treasurer were not prejudiced by the late service.

## II

The City contends that even if the court had considered the merits of SDOG's motion under Code of Civil Procedure section 473, it "would have dismissed the action because the evidence presented by SDOG established that relief . . . is improper in this case." The City elaborates that the evidence SDOG presented shows Briggs's "failure to recognize the applicability of the Marks-Roos Act prior to initiating the [action]

7

constituted professional negligence that cannot be excused." The City asserts SDOG's only recourse is a malpractice action against Briggs.

Insofar as the issue of prejudice is concerned, the City also questions whether SDOG served the Attorney General and the Treasurer with a copy of the complaint on July 7, 2014. The City states the evidence "clearly demonstrates that SDOG delayed serving" those parties until August 7, 2014, which it claims was "after the August 5, 201[4] deadline to join the action." The City ignores that in its summary judgment motion, it agreed it was undisputed that SDOG served them on July 7, 2014. In any event, this is a factual issue for the trial court's consideration on remand.

It is, of course, not our province to consider the substantive merits of a motion for relief under Code of Civil Procedure section 473 in the first instance. That is the trial court's duty on remand. A "factual conflict [is] to be won or lost at the trial level." (*People v. Hill* (1984) 37 Cal.3d 491, 499.)[2]

---

[2]     Even if SDOG prevails on remand on its motion under Code of Civil Procedure section 473, it will presumably be a hollow victory. In *SDOG I,* we held that under *Rider v. City of San Diego* (1998) 18 Cal.4th 1035, state and local debt limitations are inapplicable to a lease-back financing plan the City adopted to fund public infrastructure improvements, because the bonds will not be issued by the City, but by a separate public entity, the Financing Authority, formed under a joint powers agreement. (*SDOG I, supra,* 242 Cal.App.4th at pp. 432-442.) In *SDOG I,* the 2014A Bond Series was at issue. (*Id.* at p. 425.) Here, SDOG challenges the 2014B Bond Series, which pertains to the same financing plan.

DISPOSITION

The judgment is reversed, and the matter is remanded to the trial court for further proceedings on SDOG's motion under Code of Civil Procedure section 473.  SDOG is entitled to costs on appeal.


                                                                HUFFMAN, Acting P. J.

WE CONCUR:


          NARES, J.


          McDONALD, J.


9