Filed 6/7/22; Opinion Following Rehearing

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>ACCREDITED SURETY AND<br>CASUALTY COMPANY, INC.,<br><br>        Defendant and Appellant. | F082677<br><br>(Super. Ct. No. CR-18-005227)<br><br>**OPINION** |

-ooOoo-

        APPEAL from a judgment of the Superior Court of Stanislaus County.  Ricardo Cordova, Judge.

        Law Office of John Rorabaugh and John Mark Rorabaugh, for Defendant and Appellant.

        Thomas E. Boze, County Counsel, and Robert J. Taro, Assistant County Counsel, for Plaintiff and Respondent.

-ooOoo-

        A surety on a $50,000 bail bond appeals from an order denying its motion to set aside a summary judgment entered on the bond.  Surety contends the September 3, 2020 summary judgment entered on the bail bond is voidable and must be vacated because it was not filed within 90 days after the appearance period expired as required by Penal

Code section 1306, subdivision (c).[1]  Surety contends the appearance period expired on October 21, 2019, and the trial court's subsequent order reinstating the bail bond was void for lack of jurisdiction.  Surety also argues its consent to the reinstatement did not revive or confer the necessary jurisdiction.

The trial court concluded the surety was estopped from arguing the reinstatement order was void because the surety (1) had prior notice that a reinstatement order would be entered, (2) gave its written consent to the reinstatement, (3) paid a $50 reinstatement fee a few days after the reinstatement order, and (4) benefited when the bail bond was reinstated, which relieved the surety of a $50,000 forfeiture.  As the surety's challenge to the summary judgment was based on the invalidity of the reinstatement order, the court concluded that challenge must fail.

We agree with the surety's contention that the trial court lacked the authority to reinstate the bond after the appearance period expired.  We conclude, however, that the trial court correctly decided the surety's conduct estopped it from raising the invalidity of the reinstatement order as a basis for vacating the summary judgment.

We therefore affirm the summary judgment.

**FACTS AND PROCEEDINGS**

On August 23, 2018, Mark Garcia Bail Bonds, acting as the agent for Accredited Surety and Casualty Company, Inc., a Florida corporation (collectively, Surety), posted a $50,000 bail bond for the release of Miguel Angel Corrales from custody.  Corrales had been charged with felony corporal injury to a spouse or cohabitant in violation of section 273.5, subdivision (a).

*First Forfeiture*

Corrales made his initial court appearance, but failed to appear in court on September 24, 2018.  In accordance with section 1305, which governs the forfeiture of bail, the court declared the bond forfeited in open court.  (§ 1305, subd. (a)(1).)  Later

---

[1]    Subsequent unlabeled statutory references are to the Penal Code.

2

that day, the clerk of the superior court completed the next step of section 1305's forfeiture procedure by mailing notice of the forfeiture to Surety. (§ 1305, subd. (b)(1).) Thereafter, Surety had 185 days (180 days plus five days for service by mail) to produce the defendant in court and have the forfeiture set aside. (§ 1305, subds. (b)(1), (c)(1).) The 185-day period and any extensions is known as the appearance period or the exoneration period.

In March 2019, before the appearance period expired, Surety filed a motion for an extension pursuant to section 1305.4, along with a supporting declaration and memorandum of points and authorities. Respondent filed a notice of nonopposition. On April 23, 2019, the trial court signed and filed an order granting the motion and extending the appearance period through Monday, October 21, 2019.

*Reinstatement of Bail Bond*

On October 28, 2019, seven days after the appearance period expired, Corrales appeared in court with defense counsel. The minute order from that hearing stated the bench warrant was recalled, a $50 administrative fee was imposed, bail was reinstated, and Corrales was released on bail.

Also on October 28, 2019, the court filed a one-page "CONSENT TO REINSTATE BAIL BOND AND ORDER" in which Surety stated that it "hereby notifies the court that it does not object to the reinstatement of bail on the above entitled bail bond for the **period of 10 days** from the date of this notice. **Penal Code §1305(c)(4)**; County of Stanislaus V. Ranger Insurance Company (1991) 230 Cal.App.3d 271." The date given in the signature block was October 21, 2019—the final day of the extended appearance period—and it was signed by an "Attorney in Fact." Below that signature was an order signed by the court and dated October 28, 2019. The order stated: "Bail forfeiture is vacated and bail is reinstated." This is the reinstatement order that Surety contends is void.

On October 30, 2019, the clerk of the superior court mailed a letter to Surety stating: "On 09/24/2018 bond was forfeited in the above-entitled case and a forfeiture letter was sent to you. Upon order of the court on 10/28/2019, the forfeiture was set aside and bail was reinstated. A $50.00 assessment fee is due. If you have any questions, please call .…" The bail agent paid the $50 fee on November 1, 2019.

*Second Forfeiture*

On December 10, 2019, Corrales was not present in court when a pretrial hearing was called. His defense attorney represented to the court that Corrales had been there but left for work. The court declared the bond forfeited in open court. Later that day, the clerk of the superior court mailed notice of the forfeiture to Surety.

On June 16, 2020 (189 days after the forfeiture notice was mailed), Surety filed a motion to extend the appearance period pursuant to section 1305.4, along with a declaration of the bail agent and a memorandum of points and authorities. Respondent opposed the motion to extend the appearance period on the ground it was untimely because it was not filed within the 185-day appearance period specified in section 1305, subdivision (b)(1). After a hearing, the trial court entered a minute order stating the motion "is denied—not filed timely."

On September 3, 2020, the trial court filed a "SUMMARY JUDGMENT & NOTICE OF ENTRY OF JUDGMENT" against Surety in the sum of $50,000 plus administrative costs and interest. The next day, the clerk of the superior court served the judgment on Surety by mail.

On October 7, 2020, Surety filed a motion to set aside summary judgment and toll time on bail pursuant to Emergency rule 9 of the California Rules of Court, Appendix I (Emergency Rule 9).[2] Surety argued the September 2020 summary judgment was premature and voidable because the running of the appearance period was tolled from

---

[2] After an amendment effective on May 29, 2020, Emergency Rule 9(a) provided: "Notwithstanding any other law, the statutes of limitation and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020."

4

April 6, 2020, through October 1, 2020, by Emergency Rule 9. Surety subsequently abandoned its legal argument that Emergency Rule 9's tolling provision resulted in the September 2020 summary judgment being entered too soon.[3]

After the hearing on the motion to set aside summary judgment was continued, Surety filed a supplemental memorandum of points and authorities raising a new argument. Surety asserted the trial court failed to provide Surety with prior notice of the reinstatement as required by section 1305, subdivision (c)(4) and this failure caused the court to lose jurisdiction. Based on this lack of jurisdiction, Surety argued (1) the bail bond was improperly reinstated on October 28, 2019, and that reinstatement order had no effect, (2) the appearance period expired on October 21, 2019, and (3) the 90-day period for entering summary judgment started running on October 22, 2019, and expired on Monday, January 20, 2020, well before the September 2020 summary judgment was entered. As a result, Surety concluded the right to enter a summary judgment on the bail bond "expire[d] and the bond is exonerated" pursuant to section 1306, subdivision (c).[4] In sum, Surety's new argument asserted the summary judgment was entered too late instead of too early.

In February 2021, respondent filed an opposition to Surety's supplemental points and authorities. Addressing the new argument, respondent contended Surety was estopped from challenging the reinstatement order because Surety had been notified of the reinstatement, gave its written consent, and subsequently paid an administrative fee

---

[3]    The theory that the tolling provision applies to the appearance period for forfeited bail has been rejected in published decisions. (*People v. Financial Casualty & Surety, Inc.* (2021) 73 Cal.App.5th 33, 41; *People v. Philadelphia Reinsurance Corp.* (2021) 70 Cal.App.5th Supp. 10, 22.)

[4]    "If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated." (§ 1306, subd. (c).)

after the reinstatement order was signed and filed.  Respondent argued Surety had benefited from the reinstatement because the initial forfeiture of bail was set aside.

In March 2021, Surety filed a reply arguing that its consent to reinstatement could not revive the trial court's jurisdiction.  Surety quoted our decision in *People v. Accredited Surety & Casualty Co., Inc.* (2012) 203 Cal.App.4th 1490 (*Accredited '12*) for the principle that "[o]nce the exoneration period expired, the trial court lost jurisdiction to grant relief from the forfeiture." (*Id*. at p. 1503.)

At the April 8, 2021 hearing on Surety's motion to set aside the summary judgment, the parties submitted on their briefs.  The trial court then described part of the case's procedural history, stating:  "The court on October 28th, 2019, ordered that … the reassumption of the bailbond be entered.  Although the 180 day time period had expired, the bond company—the agent of the bond company, Garcia Bail Bonds, then agreed to reinstate the bail and in fact paid the reinstatement fee of $50 on November 1st, 2019.  And obviously the bond company paid $50 to avoid a $50,000 loss, which was the bailbond amount.  And I feel based on that[,] it [was e]stopped from raising the issue that the court should not have reinstated—resumed the bailbond."  Relying on this rationale and its determination that the emergency orders did not affect the time for bringing a motion to extend the appearance period, the court denied Surety's motion to set aside the summary judgment.  Counsel for Surety then stated that he wanted "to make clear for the record the court is ruling that [it] had jurisdiction to reinstate the bond after the [appearance] period had expired because of the consent of the surety despite the jurisdictional nature."  The court responded:  "Yes."

Surety timely appealed.  Surety's opening brief included a certificate of interested entities or persons in which its counsel certified "that there are no interested entities or

6

persons that must be listed in this Certificate under California Rules of Court, rule 8.208."[5]

## DISCUSSION

Surety's opening brief states this appeal presents the following question: "Is a reinstatement of bail, issued by the court after the expiration of [t]he appearance period of Penal Code section 1305, void so that the summary judgment entered on September 3, 2020 is untimely and void pursuant to Penal Code section 1306."

I.      STATUTORY PROVISIONS GOVERNING REINSTATEMENT OF BAIL

Section 1305 addresses the forfeiture of bail upon the nonappearance of the defendant, notice of the forfeiture to the surety, exoneration of a forfeited bond, reinstatement of a forfeited bond, and tolling of the appearance period.

Subdivision (c)(1) of section 1305 provides for exoneration of the forfeited bond when the defendant appears in court during the appearance period, "either voluntarily or in custody after surrender or arrest." In such cases, "the court shall, on its own motion at the time the defendant first appears in court on the case in which the forfeiture was entered, direct the order of forfeiture to be vacated and the bond exonerated. If the court fails to so act on its own motion, then the surety's or depositor's obligations under the bond shall be immediately vacated and the bond exonerated." (§ 1305, subd. (c)(1).)

Subdivision (c)(4) of section 1305 provides for the alternative of reinstating the bail bond instead of exonerating it. "In lieu of exonerating the bond, the *court may order the bail reinstated* and the defendant released on the same bond if both of the following

---

**5**      Thus, counsel has certified that he and his client know of no other "person or entity, other than the parties themselves, that has a financial or other interest in the outcome of the proceeding .…" (Cal. Rules of Court, rule 8.208(e)(2).) If the certificate is accurate, Corrales's indemnitor on the $50,000 bail bond has no financial interest in the reversal of the summary judgment and exoneration of the bond. As a result, an important policy reason underlying the principle that the bail bonds statutes must be strictly construed to avoid forfeiture—that is, to protect the individual citizens who pledge to the surety their property to obtain the bail bond—appears to be absent in this case. (See *People v. United States Fire Ins. Co.* (2015) 242 Cal.App.4th 991, 999.)

conditions are met: [¶] (A) The bail is given prior notice of the reinstatement. [¶] (B) The bail has not surrendered the defendant." (Italics added.) The "bail" is the person in whose custody the defendant is placed when released from jail and who acts as surety for the defendant's appearance in court. (*People v. Ranger Ins. Co.* (2003) 110 Cal.App.4th 729, 734.)

Subdivision (c)(4) of section 1305 and the other provisions of the bail bonds statutes do not explicitly identify *when* the court may order reinstatement, but that subdivision has been interpreted to mean that any reinstatement order is subject to the same time limits as an order exonerating bail. (See *Accredited '12*, *supra*, 203 Cal.App.4th at p. 1503.)

## II. UNTIMELY REINSTATEMENT

Surety contends that, under section 1305, once the appearance period has expired, a trial court no longer has the jurisdiction to provide relief from forfeiture, whether in the form of exoneration of the bail bond or reinstatement of the bail bond. We conclude this is an accurate interpretation of the bail statutes. In *Accredited '12*, this court stated: "Once the exoneration period expired, the trial court lost jurisdiction to grant relief from the forfeiture." (*Accredited '12*, *supra*, 203 Cal.App.4th at p. 1503.) In that case, the appearance period expired on September 10, 2010, and the order reinstating bail was issued on October 5, 2010. Based on this sequence of events, we concluded that "the October 5, 2010, order was void for lack of jurisdiction and properly was recalled." (*Ibid.*) Applying the same reasoning to this case, we conclude that, after the expiration of the appearance period on Monday, October 21, 2019, the trial court lacked the authority to vacate the forfeiture and reinstate the bail bond. Consequently, we agree with Surety's contention that the court did not have the authority to issue the October 28, 2019 order reinstating the bond.

Next, we consider the legal consequences of that lack of authority. Identifying those consequences leads us to consider whether our reference to a "lack of jurisdiction"

8

(*Accredited '12*, *supra*, 203 Cal.App.4th at p. 1503) meant the absence of jurisdiction *in a fundamental sense* or, alternatively, meant the court merely acted in excess of its jurisdiction when it reinstated the bond. Jurisdiction in a fundamental sense refers to jurisdiction over the subject matter and the parties. (*People v. North River Ins. Co.* (2020) 58 Cal.App.5th 300, 312.) When a court with fundamental jurisdiction acts contrary to the authority conferred by bail statutes, such acts are described as being in excess of the court's jurisdiction. (*Ibid.*) The distinction is important because when a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void and may be attacked directly or collaterally at any time. (*Ibid.*) In comparison, when a court acts in excess of its jurisdiction—that is, its defined power—its judgment is merely voidable and usually must be challenged directly. (*Id.* at p. 313.) In *North River*, we applied the foregoing principles and concluded that the absence of a statutory prerequisite caused the trial court's act of declaring a forfeiture to be in excess of its jurisdiction and, as a result, the forfeiture order and subsequent summary judgment were, at most, voidable, not void in the strict sense of that word. (*Id.* at p. 306.)

In this case, we conclude the issuance of a reinstatement order entered after the expiration of the appearance period was an act in excess of the trial court's jurisdiction— that is, the authority conferred by the bail statutes. We rely on *People v. National Automobile & Casualty Ins. Co.* (2000) 82 Cal.App.4th 120 (*National Auto*), where the appellate court concluded "[t]he orders extending the appearance period exceeded the trial court's jurisdiction because the 185-day period had expired before the earlier of the two [extension] orders was entered." (*Id.* at pp. 126–127.) Here, the reinstatement order, like the extension orders considered in *National Auto*, was entered after the appearance period had expired. We conclude the consequences of an expired appearance period should be the same for both types of orders—that is, they are properly characterized as in excess of the trial court's jurisdiction, they are voidable (not void in the strict sense), and usually are subject only to direct attacks. In reaching this conclusion, we have considered

9

our statement in *Accredited '12*, *supra*, 203 Cal.App.4th 1490, that "the October 5, 2010, [reinstatement] order was *void* for lack of jurisdiction" (*id*. at p. 1503, italics added) and have determined the word "void" was used in a loose sense, rather than the strict sense that means a nullity, which is treated as if it never existed. (See 2 Witkin, Cal. Procedure (6th ed. 2021) Courts, § 136, p. 175 [the word "void" has many meanings and its loose application to a judgment should not be used to decide the real question—the effect of the judgment].)

Based on our interpretation of *Accredited '12* and *National Auto*, we conclude the trial court's issuance of the October 28, 2020 order reinstating the bail bond was an act in excess of its jurisdiction. As a result, the order and the subsequent summary judgment are voidable and may be challenged in this appeal. Whether Surety's challenge to the summary judgment succeeds depends on whether it is estopped from arguing the reinstatement order is invalid.

## III. ESTOPPEL

The two primary cases in which an appellate court concluded that a surety may be estopped from challenging a summary judgment as untimely are *County of Los Angeles v. Ranger Ins. Co.* (1999) 70 Cal.App.4th 10 (*Ranger*) and *National Auto*, *supra*, 82 Cal.App.4th 120. These cases have been followed in more recent decisions. (*People v. Accredited Surety & Casualty Co., Inc.* (2013) 220 Cal.App.4th 1137, 1141, disapproved on another ground as stated in *People v. Financial Casualty & Surety, Inc.* (2016) 2 Cal.5th 35, 46 [surety estopped from seeking to set aside summary judgment on the ground the court extended the exoneration period beyond the statutory limit, after agreeing with the prosecution the period would be extended to a certain date]; *People v. Bankers Ins. Co.* (2010) 182 Cal.App.4th 1377, 1381–1382, disapproved on another ground as stated in *People v. Financial Casualty & Surety, Inc.*, *supra*, 2 Cal.5th at p. 46 [surety estopped from seeking to set aside summary judgment on the ground the court entered it more than 90 days after the true deadline for the exoneration period, after

10

successfully asking for an order extending the exoneration period beyond the statutory limit].)

In *Ranger*, the surety moved the trial court to toll the running of the appearance period. (*Ranger*, *supra*, 70 Cal.App.4th at p. 12.) The court granted the motion in part, and tolled the appearance period until December 24, 1996. (*Id*. at p. 13.) The defendant was not returned to custody by that date and on March 10, 1997, the court signed and filed a summary judgment on the bail forfeiture. (*Id*. at pp. 14–15.) The surety filed a motion to vacate the summary judgment, alleging the court had lacked jurisdiction to enter the summary judgment because more than 90 days had passed since the expiration of the appearance period. (*Id*. at p. 15.) The surety's theory of untimeliness asserted the trial court lacked jurisdiction to issue a tolling order in the first instance and, as a result, no tolling occurred. (*Ibid*.) The trial court denied the motion and the surety appealed.

In *Ranger*, the appellate court relied on estoppel principles to affirm the denial of the surety's motion. (*Ranger*, *supra*, 70 Cal.App.4th at p. 12.) In discussing the application of estoppel, the court stated:

> "Ranger … came to the trial court on November 14, 1996, with its hat in hand, seeking and receiving a favor—the tolling of the statutory time period in which to have the forfeiture on its bond vacated. Having been handed the favor, Ranger now seeks to bite the hand from which the favor was obtained by contending the trial court was without authority to toll the running of the 185–day period because [the surety's agent] had not presented the trial court with sufficient information to warrant such a tolling. Can there be any doubt that if Ranger had, within the 30–day extension of the 185–day period, presented the court with facts proving a temporary disability of [the defendant] (or presented the court with [the defendant] himself), Ranger would have expected the trial court to vacate the forfeiture and exonerate the bail? We will not permit Ranger to 'trifle with the courts.' The upshot of Ranger's[] request for, and receipt of, a tolling will be that Ranger will find no relief in this court." (*Ranger*, *supra*, 70 Cal.App.4th at pp. 18–19.)

In *National Auto*, the appellate court applied estoppel principles to affirm the denial of the surety's motion to set aside the judgment entered on two bail bonds.

11

(*National Auto*, *supra*, 82 Cal.App.4th at p. 123.) In that case, the trial court declared bail forfeited on June 3, 1997, and subsequently ordered the appearance period extended to November 30, 1998, based on successive stipulations of the parties. (*Ibid*.) The defendant failed to appear within the appearance period as extended and on December 3, 1998, the court entered summary judgments against the surety for the amount of the two bail bonds. (*Ibid*.)

In *National Auto*, the first stipulated extension was granted after the 185–day appearance period had expired. (*National Auto*, *supra*, 82 Cal.App.4th at p. 125.) Under the statute in effect at the time, such an order was required to be made before the appearance period expired. The surety argued the untimeliness was a jurisdictional defect that could not be cured by the parties' stipulation. The appellate court determined that the surety was estopped from contesting the trial court's authority. (*Ibid*.) The appellate court explained the difference between a lack of jurisdiction over the cause and an act in excess of jurisdiction, and observed that "[t]he correct rule—i.e., that a litigant who has stipulated or otherwise consented to a procedure in excess of jurisdiction may be estopped to question it—has been applied in factual and procedural circumstances materially indistinguishable from those before us." (*Id.* at p. 126.) Consequently, the court concluded that, "although the trial court had acted in excess of its jurisdiction when it extended the appearance period, the Surety here is estopped from challenging those orders. Since its challenges to the summary judgments are premised upon the alleged invalidity of those orders, those challenges also fail." (*Id*. at p. 127.)

We adopt the principle that a litigant who has stipulated or otherwise consented to a procedure in excess of jurisdiction may be estopped from challenging the resulting order. Here, Surety (1) had prior notice that a reinstatement order would be entered, (2) gave its written consent to the reinstatement, (3) paid a $50 reinstatement fee a few days after the reinstatement order, and (4) benefited when the forfeited $50,000 bail bond was reinstated (the alternative to reinstatement was the entry of summary judgment

12

against Surety).  Furthermore, the trial court relied on the Surety's consent when it vacated the forfeiture and reinstated the bail bond.  We conclude such circumstances estop Surety from arguing the reinstatement order was invalid.  (See *National Auto*, *supra*, 82 Cal.App.4th at p. 127.)  Because the invalidity of the reinstatement order is a necessary condition to Surety's argument that the summary judgment is voidable, that argument must fail.

## DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs on appeal.

DETJEN, Acting P. J.

WE CONCUR:

SMITH, J.

DE SANTOS, J.

13